[No. 13906.    Department Two. — February 12, 1891.]

## THE GIANT POWDER COMPANY, APPELLANT, *v.* THE SAN DIEGO FLUME COMPANY, RESPONDENT.

MECHANIC'S LIEN — COMPLETION OF STRUCTURE — LIEN FOR MATERIALS — RESCISSION OF CONTRACT — OCCUPATION AND USE — ACCEPTANCE BY OWNER. — A flume company which, after engaging a contractor to grade a flume-bed and surface-ditches, to excavate tunnels, and fully to prepare the foundation for the flume, consents to an abandonment and rescission of the contract by the contractor before its completion, and takes possession of the work and completes it, "occupies and uses" and "accepts" it, within the meaning of section 1187 of the Code of Civil Procedure, and a lien for the materials used by the contractor, filed within thirty days after the company took possession and control of the work, is valid.

ID. — CONSTRUCTION OF CODE — EVIDENCE OF COMPLETION. — Section 1187 of the Code of Civil Procedure, providing that the occupation, use, or acceptance of the building, improvement, or structure shall be deemed conclusive evidence of completion, has reference not only to the occupation, use, or acceptance of a dwelling or other house, but to any kind of structure, building, or improvement in which the materials of a lien claimant have been used.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. F. Cowdery,* and *Trippett & Neale,* for Appellant.

Consent of the owner to an abandonment of the contract before completion of the structure is sufficient evidence of its completion to justify a lien. (*Shaw* v. *Stewart,* 43 Kan. 572; *Catlin* v. *Douglass,* 33 Fed. Rep. 569; *Trammell* v. *Mount,* 68 Tex. 210; *Harmon* v. *Ashmead,* 68 Cal. 323.) The taking possession of the structure by the flume company was an "occupation" or "use" of it within section 1182 of the Code of Civil Procedure. (Bouvier's Law Dict., tit. Occupy; *Plume* v. *Seward,* 4 Cal. 94; 60 Am. Dec. 599; *Lawrence* v. *Fulton,* 19 Cal. 683; *Plummer* v. *Woodruff,* 72 Cal. 29; *McColman* v. *Wilkes,* 3 Strob. 465; 51 Am. Dec. 637; *Redfield* v. *U. R. R. Co.,* 25 Barb. 54; *McKenzie* v. *Brandon,* 71 Cal. 211; *Woods* v. *Sawtelle,* 46 Cal. 389; *Davis* v. *San Lorenzo R. R. Co.,* 47 Cal. 518; *Davis* v. *Baker,* 72 Cal. 494.) It was also an acceptance of the work of which possession was taken. (*Rodgers* v. *Phillips,* 40 N. Y. 530; Civ. Code, sec. 1589; 3 Smith's Lead. Cas., 273, 274.)

*Shaw & Holland,* for Respondent.

A lien filed before completion of the work is void. (*Davis* v. *Bullard,* 32 Kan. 234; *Seaton* v. *Chamberlain,* 32 Kan. 239.) In order to constitute an occupation, use, or acceptance under section 1187 of the Code of Civil Procedure, the structure must be so nearly completed as to be capable of occupation or use for the purpose for which it was intended. This is implied in the former decision of this case. (*Giant Powder Co.* v. *San Diego Flume Co.,* 78 Cal. 194.) Occupation and use or acceptance is deemed conclusive evidence of completion only in case of contracts. (Code Civ. Proc., sec. 1188.) The contract, not having been filed before the commencement of the work, was wholly void. (Code Civ. Proc., sec. 1185; *Kellogg* v. *Howes,* 81 Cal. 170; *Lumber Co.* v. *Gottschalk,* 81 Cal. 644.)

FOOTE, C.—This action was brought against Joseph Johndrew, "an original contractor" for the San Diego Flume Company, and that corporation, to recover a judgment for the value of materials furnished the contractor, which were used in his work upon the structure for the flume company, and to enforce a material-man's lien upon the structure, under section 1183 of the Code of Civil Procedure.

The evidence and the findings indicate that after the sixth day of June, A. D. 1887, there existed a valid contract between the contractor and the owner; so that as to all materials furnished after that date the plaintiff could file its lien claim by virtue of the existence of the contract.

The court below seems to have proceeded under this impression, and to have based its decision, which was against the plaintiff, so far as the right to enforce its lien was concerned, or any other claim against the flume company, upon the theory that its claim of lien had been filed before the acceptance, completion, use, or occupation of the structure, according to the terms of section 1187 of the Code of Civil Procedure as amended in 1887.

The plaintiff appeals from the judgment against it in favor of the flume company, and from an order refusing a new trial.

Does the evidence sustain the findings that the plaintiff filed its lien claim before the defendant had accepted, used, or occupied the work which the contractor had left in an uncompleted state?

The work which the contractor was to perform was the grading of a flume-bed, surface-ditches, and tunnel approaches from the defendant's diverting dam on the San Diego River to its proposed city reservoir, near San Diego, and the excavation of about three thousand linear feet of tunnels, and lining the same with masonry, and also timbering same in accordance with the plans and specifications.

Thus it will be observed the contractor was not to complete the flume, or to make complete the proposed water-works of the defendant, but only to prepare the place upon which the flume was to be thereafter placed. He was to lay the foundation, as it were, on which the flume was to rest. In this respect, the work to be done was somewhat similar to the laying of a foundation on which to erect a house.

It appears that about August 9, 1887, the contractor abandoned his contract, and ceased all work thereunder; that two or three days after that, the flume company took possession of the flume line, upon which the contractor had been working, and proceeded to complete the work which he had left unfinished. But the court finds that it neither used nor occupied the tunneling, grading, and work which Johndrew had agreed to do. "Nor did it, on or about the 10th of August, 1887, or at any time, or at all, ever accept the structure which Johndrew had been engaged in constructing for it, or accept the uncompleted part thereof."

The part of section 1187 of the Code of Civil Procedure here involved reads: "And in case of contracts, the occupation or use of the building, improvement, or structure by the owner, or his representative, or the acceptance by said owner or his agent of said building, improvement, or structure, shall be deemed conclusive evidence of completion."

The provision seems to have been enacted in the interest of and for the better protection of lien claimants like the plaintiff.

The words of the statute, "occupy or use," or "accept," have reference not only to the occupation, use, or acceptance of a dwelling or other house, but to any kind of structure, building, or improvement in which the materials of a lien claimant have been used. What, then, is to be deemed their meaning with regard to the matter in hand?

The facts appear to be, that the contractor, on or about the 9th of August, 1887, was unable to go on with his work; then, or a day or two thereafter, the defendant made an arrangement by which the contractor was to be absolved from his obligation under the contract, which was to be abrogated, and the defendant was to pay a certain proportion of his debts, on conditions, not including that of the plaintiff, and to have and retain certain property belonging to the contractor; it thereupon took control and possession of the work, and proceeded to complete it.

The defendant, having gotten rid of the contractor by this arrangement, dominated, controlled, and applied to its uses the uncompleted work of the contractor in the prosecution of which the materials of the plaintiff had been used. It occupied the work, so far as could be done, in its then state. But it used and occupied his work after the rescission of its contract with the contractor, making this work subservient to its purposes in completing the structure. It took from the contractor what he had done of the work, and also certain property of his, released him from his contract, and agreed to settle some of his debts.

If it released the contractor, took his work and some of his property, and agreed to pay some of his debts, this would appear to be in a certain sense an acceptance of his work. It did not occupy and use the work in the sense that it was complete according to the terms of the contract, but after the contractor was released it used and occupied it as the contractor had done before. His responsibility, on the contract, to the defendant was ended, the latter took his work and other property, and proceeded under this agreement to use and occupy the work, agreeing at the same time to pay a certain proportion of the contractor's debts. That is, it took and used, under agreement with him, what he had left, and absolved him from his contract.

The lien claim was filed on the 5th of September, 1887, within thirty days after the acceptance, use, and occupation above stated.

Under our view of the statute, this was sufficient; the contractor's connection with the defendant was completed and ended, the defendant accepted the work he had done, used and occupied it so far as it was capable of being so used or occupied. The findings are not supported by the evidence.

We think the judgment and order should be reversed, and so advise.

VANCLIEF, C., and BELCHER, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed.

McFARLAND, J., concurring.—I concur in the judgment of reversal solely upon the ground that, in my opinion, the main points in controversy were settled against respondent on the former appeal (78 Cal. 193), and the law of the case applies. Otherwise I would hold that the lien of appellant was premature. And where the question is open, I could not concur in the doctrine that there can be a lien for powder exploded in blasting for the foundation of a house or a flume. "Materials used in the construction," as employed in the mechanic's lien law, means, in my opinion, only such material things as go *in* and become part of the building or structure. In the eye of justice, a merchant who deals in lumber or hardware has no more right to a lien than a merchant who deals in pototoes or flour or sugar; and the former have a lien only as a legislative privilege. The language should not be strained for the purpose of enlarging the privileged class. The appellant has no powder *in* the structure, and never had. It merely exploded some there.

DE HAVEN, J., concurring. — I concur in the judgment, and in the foregoing opinion of Commissioner Foote. The question whether powder exploded in the work of constructing a flume or tunnel may be regarded as a part of the "materials used in the construction" is not involved in the disposition of this appeal.