[No. 19018.   Department Two. — February 7, 1893.]

## THE GIANT POWDER COMPANY, RESPONDENT, v. THE SAN DIEGO FLUME COMPANY, APPELLANT.

MECHANIC'S LIEN — MATERIALS FURNISHED BEFORE RECORDING OF CONTRACT — LIEN FOR VALUE. — Under section 1183 of the Code of Civil Procedure, which provides that where an attempted building contract is void for non-filing for record, the labor done and materials furnished by persons other than the contractor shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof, a material-man who has furnished materials for the construction of a flume before the recording of the contract between the contractor and owner, which were used in the construction of the accepted work or structure is entitled to a lien for the value thereof, if filed within thirty days after the acceptance of the structure.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Shaw & Holland,* for Appellant.

*J. F. Cowdery,* and *Oscar Trippet,* for Respondent.

The COURT. — This appeal is from a judgment rendered in the court below in favor of the plaintiff. The action was brought to obtain judgment against a contractor, by a material-man, for materials furnished in the construction of certain works to be used to support the flume of one of the defendants and appellant, and against the flume company; to subject the structure in which the materials were used to the statutory lien of the plaintiff.

The case has been twice before on appeal in the supreme court. (78 Cal. 193; 88 Cal. 20.)

The point made for the reversal of the judgment, on the judgment roll alone, now is, that the judgment is not supported by the findings, the argument appearing to be that it was held on the last appeal, which is the law of the case, that there was no valid contract existing between one Johndrew, the contractor, and the flume company, until the contract was filed for record on the 6th of June, 1887, and that, as a consequence, there was no lien in favor of the material-man against the structure, which had been accepted by the flume company from the contractor, for materials furnished *before* the filing of the contract, although the materials were used in the construction of the *accepted work* or structure.

The opinion filed at that time is not, in our judgment, susceptible of any such construction.

The pivotal point in that case was, whether or not the structure was completed by acceptance on the part of the flume company, when abandoned to it by the contractor, and thereby depended the determination of the question as to whether or not the filing of the notice of

lien of the plaintiff was premature, under section 1187 of the Code of Civil Procedure as amended March 15, 1887.

That part of the section which makes the acceptance of the structure or improvement conclusive evidence of completion has reference to cases where there is a valid contract between contractor and owner of the structure, improvement, or building. And the language of the opinion, which it is erroneously claimed by appellant declares that the payment of the value of the materials furnished *before* the contract was filed for record cannot be enforced as a lien, must be read with reference to the precise matter which was being discussed in the opinion, —that is, whether, admitting a valid contract to have existed by virtue of the filing thereof for record on the 6th of June, 1887, the notice of lien was premature or not.

There was no need to determine whether a lien could be enforced for materials furnished when no valid contract existed,— that is, before the contract was filed for record. And the decision only goes to the extent, on that head, of determining that a lien for those materials furnished " by virtue of the contract," i. e., the filing of the contract, could be enforced if the notice was properly filed for record. And after that matter is disposed of, there follow expressions merely which lead up to the consideration of the real point in the case which was to be decided, and then the writer of the opinion proceeds to dispose of the mooted question in favor of the proposition that the notice was a proper one, because the date of the *acceptance* of the structure, under the circumstances of the case, was the date of its completion, and the plaintiff, having filed a notice of lien within thirty days after such completion, did not proceed prematurely.

But as to the enforcement of the lien for the value of the materials furnished before there was any valid contract between the contractor and the owner, the findings must be construed with reference to the case as it is now presented, uncontrolled by anything said in the former opinion in 88 California.

The findings now show a completion of the structure by its acceptance, and that a notice of lien was filed in due and proper time, and they also show that the materials, and the value thereof, claimed by the plaintiff to have been furnished to the contractor and used in the completion of the structure were so furnished and used.

It was said by the supreme court, in *Kellogg* v. *Howes*, 81 Cal. 170, where a contract was void because not filed for record, and where a material-man sought to enforce his lien: " The extent of the material-man's recovery is not measured by the terms of the contract. On the contrary, the statute provides, in express terms, that, where the contract is not recorded, the material-man shall have a lien for the *value* thereof. In case the contract is not recorded, the *statute*, and not the contract, measures the extent of his recovery."

The statute alluded to above (Code Civ. Proc., sec 1183) provides, where an attempted contract is void for non-filing for record, that " in such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof."

The judgment appealed from is affirmed.