[No. 12721.  In Bank. — January 29, 1889.]

# GIANT POWDER COMPANY, APPELLANT, *v.* SAN DIEGO FLUME COMPANY ET AL., RESPONDENTS.

MECHANIC'S LIEN — CLAIM OF MATERIAL-MAN — COMPLETION OF STRUCTURE — ACCEPTANCE — PLEADING. — Under section 1187 of the Code of Civil Procedure as amended in 1887, the acceptance and occupation of a structure by the owner from the contractor is conclusive evidence of its completion; and the claim of a material-man may be filed for record within thirty days after such acceptance and occupation, whatever may be the actual condition of the structure when work thereon ceased.

ID. — FAILURE TO RECORD ORIGINAL CONTRACT — RIGHTS OF MATERIAL-MAN. — Though the failure to record a building contract before the work is commenced makes it wholly void, it is only void as between the parties thereto, and does not vitiate the employment of a material-man by the contractor, or affect the right of the material-man to pursue his lien upon the structure as if the contract were valid.

ID. — FORECLOSURE OF LIEN — PARTIES — JOINDER OF CAUSES OF ACTION — LIABILITY OF CONTRACTOR. — It is proper, in an action to foreclose a lien upon a structure in favor of a laborer or material-man, to make both the owner and the original contractor parties defendant, and to unite a personal action against the contractor with the foreclosure suit against the owner, in order to prevent multiplicity of suits. A judgment may be docketed against the contractor for such deficiency as he may be personally liable for. All persons claiming liens should be made parties, and the contractor is a necessary party to a full and complete determination of the matters in controversy.

PRACTICE — USAGE — MAXIM. — A constant and uniform procedure continued by the courts for a long time is strongly persuasive that the practice is correct.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*J. F. Cowdery,* for Appellant.

Foreclosure of mechanics' liens is subject to the same rules as foreclosure of mortgages, as respects parties. The action is equitable. (*Curnow* v. *H. V. B. G. & H. Co.,* 68 Cal. 262.) One object of the action is to ascertain what amount remains due to the contractor by the owner. (*Turner* v. *Strenzel,* 70 Cal. 28; *Whittier* v. *Hollister,* 64

Cal. 283.)   Both the owner and contractor were proper parties defendant.   (*Hooper* v. *Flood,* 54 Cal. 220; *March* v. *McKoy,* 56 Cal. 85; *Sullivan* v. *Decker,* 1 E. D. Smith, 699; *Emmett* v. *Rotary Mill Co.,* 2 Minn. 286; *Carney* v. *La Crosse & M. R. R. Co.,* 15 Wis. 503; *Clark* v. *Brown,* 22 Mo. 140; *Webb* v. *Powers,* 25 Mo. 599; Phillips on Mechanics' Liens, secs. 397–399.)   That powder used for blasting is a " material " supplied a contractor, entitling the vendor to a lien, has never been questioned.   (*Hazzard P. Co.* v. *Byers,* 12 Abb. Pr. 469; *Keystone* v. *Gallagher,* 5 Col. 23.)

*Olin Wellborn,* for Respondent.

There is a misjoinder of causes of action.   (Code Civ. Proc., secs. 427, 1197 and 1198.)     The contract being wholly void, for failure to record it (Code Civ. Proc., sec. 1183), the case could not be one of contract under section 1187 of the Code of Civil Procedure.

THORNTON, J. — This is an action to enforce the lien of a material-man.

The complaint was demurred to by the San Diego Flume Company, on various grounds.   The demurrer was sustained, and plaintiff declining to amend, judgment was entered against it.   From this judgment the plaintiff appeals.

It is argued here on behalf of the demurrant that, as alleged in the complaint, the claim of lien was prematurely filed, and therefore that the complaint does not state facts sufficient to constitute a cause of action against the San Diego Flume Company.

It is alleged in the complaint that one Joseph Johndrew contracted with the defendant company to do certain work; the plaintiff furnished materials to defendant to be used in the work; that Johndrew commenced work under the contract on the ninth day of April, 1887, and continued doing such work until the tenth day of

August following; that on or about said last-named day, Johndrew stopped all work and surrendered the contract and his right thereunder to the flume company, and the flume company accepted the surrender of this contract and accepted the structure and works for which a lien is here claimed, and took possession thereof, and has ever since continued in the occupation and use of the structure and works so accepted. The contract above mentioned was not recorded until June 6, 1887.

The claim of lien is averred to have been filed for record on the fifth day of September, 1887.

The statute (see Statutes of 1887, pp. 154, 155, sec. 1187, Code Civ. Proc., as there amended) requires that the claim of a material-man shall be filed for record within thirty days after the completion of the building, improvement, or structure, but provides further on this point that " any trival imperfection in the said work, or in the construction of any building, improvement, or structure, or of the alteration, addition to, or repair thereof, shall not be deemed such a lack of completion as to prevent the filing of any lien; and in case of contracts, the occupation or use of the building, improvement, or structure by the owner, or his representative, or the acceptance by said owner or his agent of said building, improvement, or structure, shall be deemed conclusive evidence of completion."

We are of opinion that the allegations of the complaint bring the case within the words of the statute above quoted. It is distinctly averred that the structure made by Johndrew was accepted by the flume company. How near the structure approached completion on the tenth day of August, 1887, is not averred. It may have been so nearly completed that it might have been occupied and used by the flume company; or if not near completion, it may have been in a condition that the maker might have accepted and conveniently used and occupied it. The above is consistent with the allegations of the

complaint. Whatever might have been the actual condition of the structure on the tenth of August, 1887, we think the averments that the defendant company accepted the structure, and from the time of its acceptance continued in the use and occupation of it, bring the case within the rule prescribed by the section of the statute above quoted, unless the fact that the contract between Johndrew and the flume company was not recorded when the work was commenced by Johndrew under it excludes it therefrom. And the counsel for respondent (the flume company) contends that such is the effect of a failure to record the contract above mentioned, before the work under it was commenced.

It will be observed that the statute in stating the rule relied on by the plaintiff (section 1187, *supra*) uses the words "and in case of contracts," and it is here urged by the learned counsel for the flume company that "it is true there was an effort to make a contract, but this effort was ineffectual, because of the failure of the parties to have the instrument, which purported to be a contract, filed for record before the work was commenced. This failure made the contract *wholly void.*"

The section of the statute which declares such contract wholly void declares how far it is void. (Section 1183, Code Civ. Proc., amended in 1887, Statute of 1887, p. 153.) In our judgment "wholly void" has the same meaning as "void." When an instrument is void, it is void from one end to the other, and in all its parts, — in other words, it is *wholly void.* The language used is, "they shall be wholly void, and no recovery shall be had thereon by either party thereto." The statute only declares the contract void as between the parties to it. The inability to maintain an action on the contract is confined to the parties. In this case the parties to the contract are Johndrew and the Flume company, — the one, in the purview of the act of which the section referred to formed a part, the contractor; the other the

owner.   As between the contractor or owner and the material-man the contract is not void.   If the contractor has purchased materials, the contract between the contractor and the material-man is still good.   And by the express terms of section 1183, *supra* (Statutes of 1887, pp. 152, 153), though the contract between the owner and contractor is void, the material-man is still entitled to his lien for the value of the materials furnished.   Such we understand to be the ruling of this court in *Southern Cal. L. Co. v. Schmitt*, 74 Cal. 625 (see last paragraph in opinion).   The contract, though not recorded, yet remains to mark the extent of the recovery of the lien-holders and to show the relations of the owner and contractor to the work, and also remains unaffected for the purposes of the rule prescribed in section 1187 as to what shall be deemed evidence of the completion of the work referred to in it.

The recording of the contract, as far as regards the person furnishing labor or materials to the work, is immaterial.   No doubt the requisition was made for the benefit of such person, but it is a benefit that he may waive.   The failure to record may affect the rights of the owner and contractor, but it does not affect those of the furnisher of labor or materials.   Nor do we see any reason why it should be otherwise.   Such person has no control over the contract; it is not in his possession, nor is he entitled to its possession.   It may be out of his power to have it recorded before the work commenced under it.   The work may have commenced long before such person has been brought into any relation with the work — days or months before he has been applied to for labor or materials.   The statute imposes the duty of recording the contract on the parties to it.   If any are to suffer from failure to record, the parties to the contract should and do suffer.   It is just to make the parties who neglected their duty suffer, but it would be unjust to make others suffer on whom no such duty was

ever imposed, who have neglected no duty, and are entirely innocent. The law-makers have not been guilty of the injustice of causing detriment to innocent persons.

We think that the notice or claim of lien is alleged to have been filed within a proper time, and that the complaint is in that respect good and sufficient.

The complaint was demurred to on the further grounds that Johndrew was improperly joined as a defendant, and that two causes of action are improperly united in this, a personal liability against Johndrew and a cause of action for the foreclosure of a material-man's lien against the flume company.

It has been the constant and uniform practice ever since we had a lien law in this state for the benefit of material-men and others, in actions for the foreclosure of such liens, to make the owner and contractor parties defendant, and to unite a personal action against the contractor for the money, with the action to establish the lien and for its foreclosure against the owner. The practice is much to be commended, in that it prevents a multiplicity of suits, and thus saves labor and expense. If each material-man or person performing labor on a building had to bring separate actions against the contractor for the recovery of his money, it is manifest the expense of the litigation would be greatly increased. This constant and uniform procedure continued for so long a time is strongly persuasive that the practice is correct. *Cursus curiæ est lex curiæ.*

In *Quale* v. *Moon*, 48 Cal. 479, the action was by a subcontractor to enforce a lien under the lien statute then existing. The plaintiff made Moon, the owner, and Clark, the contractor, parties defendant. There were several other defendants, who, it was alleged, had furnished materials, etc., who appeared separately and set up the facts out of which their respective liens grew, and asked to have them enforced. Among them was

one Higgins, who in his answer set up a claim for materials furnished for the building and for work on the same as a mechanic under a contract with Clark (contractor), and also a separate claim for materials furnished for the building and work on same at the request of Moon (owner).   Moon demurred to Higgins's answer, because it united two causes of action, one for work and material as a subcontractor at the request of Clark, and one for work and material at the request of Moon.

This court held that there was no misjoinder of causes of action in the pleading, styling it "the amended cross-complaint of defendant Higgins."

There seems to have been no objection to the pleading in the case cited, because it united a cause of action against the contractor with the action for the foreclosure of the lien against the owner.   The case was a stronger one.   The causes of action were for work and materials furnished at request of each.   Still, the court held the joinder proper.   Following the rule prescribed in *Quale* v. *Moon*, we conclude that there is no misjoinder of causes of action in the case before us.

The cause of action for the enforcement of the lien herein grows out of the contract between the flume company (owner) and Joseph Johndrew (contractor), and the work done by the latter under the contract, in virtue of a sale of material by the plaintiff to the contractor.   As regards the plaintiff, all the foregoing are parts of a transaction which give it its right of action. They may be all set forth then in the same complaint under numerous decisions of this court.   The cases bearing on this point will be found cited in *Pfister* v. *Dascey*, 65 Cal. 405.

We feel clear that there is no misjoinder of causes of action here.   This conclusion is sustained by section 1194 of the Code of Civil Procedure.   This section, after classifying the various liens allowed by the statute and establishing the order of priority between them, and

requiring that the proceeds of the sale of the property shall be applied to each lien or class of liens in the order of its rank, provides that "whenever, in the sale of the property subject to its lien, there is a deficiency of proceeds, judgment may be docketed for the deficiency in like manner and with like effect as in actions of foreclosure of mortgages."

This deficiency judgment must be docketed in actions for the foreclosure of mortgages "against the defendant or defendants personally liable for the debt." (Code Civ. Proc., sec. 726.) The person personally liable for the debt in the case of material-men would usually be the contractor, though sometimes the owner might be, as the purchaser himself of the materials. When the contractor is personally liable for the debt, the section 1194 of the Code of Civil Procedure, just referred to, authorizes his being made a defendant along with the owner, and a determination in such action of the amount for which he is liable to each lien-holder, and in case of deficiency above pointed out, a docketing of the judgment against him for such deficiency as he may be personally liable for. As this could not be done without his being made a defendant, the law must authorize his being made a defendant.

We have no doubt from the provisions of sections 1193, 1194, and 1195 that it was the intent of the lawmakers that in an action to enforce a lien under this statute, all the persons claiming liens under the statute, including the contractor and owner, should be made parties, so that there might be a complete determination of all matters in controversy between the material-men and other lien-holders, the owner and the contractor, and in this point of view, the contractor is a necessary party; and if he was not made a party, the court should order him to be made a defendant, that there might be a full and complete determination of the matters in controversy.

The above disposes of the objections urged to the complaint herein by the flume company.

It follows from the foregoing that there was error in sustaining the demurrer of the defendant company to the complaint herein, and the judgment is, therefore, reversed, and the cause remanded with a direction to the court below to overrule the demurrer and permit the above-named defendant to answer.

Ordered accordingly.

BEATTY, C. J., PATERSON, J., and SHARPSTEIN, J., concurred.

WORKS, J., did not participate in the decision of this cause.

McFARLAND, J., dissenting.—I dissent. The complaint is based upon the contract between the owners of the property and the original contractor, Johndrew. But as that contract was not recorded, it was, under section 1183 of the Code of Civil Procedure, as amended in 1887, "wholly void." In such a case, labor and materials shall be deemed to have been done and furnished "at the personal instance of the owner," and a lien can be had "for the value thereof." (Stats. of 1887, p. 153.) But the complaint was not drawn upon that theory; and therefore I think that the demurrer to it was properly sustained, and that the judgment should be affirmed.

Moreover, in my opinion, a material-man cannot have a lien for exploded powder after, like the "unsubstantial pageant" in the Tempest, it has "melted into air, into thin air." It is true that this point is not much argued in the briefs, but it seems to be necessarily involved in the demurrer.