[S. F. No. 2422.    Department Two. — September 27, 1901.]

SAN FRANCISCO PAVING COMPANY, Appellant, v. SADIE F. FAIRFIELD et al., Respondents.

MECHANIC'S LIENS — ESTATE OF DECEASED PERSON — POWER OF EXECUTOR — INVALID CLAIM OF LIEN — AGREEMENT OF HEIRS AND PURCHASER. — An executor has no power, without an order of court, to make a contract which would give a right to file liens upon the property of the estate; and an invalid claim of lien, based on a contract made with the executor alone, without such order, cannot be made valid by consent or agreement of the heirs to pay for the work, or by an agreement that a purchaser of the estate should assume the debt and pay for the work.

ID. — STATUTORY LIEN — ASSUMPTION OF DEBT — EQUITABLE LIEN — PERSONAL LIABILITY. — A mechanic's lien is purely statutory, and can only be acquired by compliance with the statute. The assumption of the debt for the work does not create an equitable lien, in the absence of an agreement therefor, but only creates a personal liability.

ID. — CAUSES OF ACTION NOT SEPARATELY STATED — REMEDY BY MOTION. — The objection that causes of action are not separately stated is to be made by motion, and not by demurrer.

Id.—Improper Sustaining of Demurrer—Right to Personal Judg-
ment—Parties.— Where the complaint in an action to foreclose a
mechanic's lien shows an invalid claim of lien, but also shows a right
to a personal judgment against a purchaser of the property and her
husband, who, in consideration of the purchase, had agreed and
promised to assume and pay the amount of the claim, and who were
proper and necessary parties to the foreclosure suit, it is error to sus-
tain a demurrer to the entire complaint.   Although the foreclosure
may be denied, the personal action may proceed against those
parties.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion.

Reed & Hankins, and H. K. Eells, for Appellant.

McKinstry, Bradley & McKinstry, for Respondents.

CHIPMAN, C.—Foreclosure of mechanic's lien.   The notice
of lien referred to in the complaint states: "That at the time
the contract herein referred to was signed, and at the time the
work herein was commenced, the estate of George F. Sharp,
deceased, and the heirs of the estate of George F. Sharp, de-
ceased, were the owners of said premises; that thereafter, and
during the progress of the work herein described, John Hunt,
as executor of the estate of George F. Sharp, deceased, conveyed
a portion of the said premises to Sadie F. Fairfield, and as
part of the consideration of the said conveyance Sadie F. Fair-
field and Marshall Fairfield agreed to pay for the said work,
then in progress, and concerning which this claim of lien is
made"; that by said conveyance the Fairfields became, and
ever since have been, and now are, the owners of a certain
portion (description given) of the premises alleged in the notice
as belonging to the estate, for the improvement of which the
contract was entered into; "that said contractor has, at the
request of John Hunt, as executor of the estate of George F.
Sharp, deceased, improved the street in front of said lot of
land," etc., being the premises belonging to the estate, part of
which was subsequently conveyed, as aforesaid, to the Fair-
fields.   It is alleged that the contract was as follows: "Said
John Hunt, as executor of the estate of George F. Sharp, de-
ceased, entered into a written contract with said contractor,
whereby it agreed to perform for said John Hunt, as executor

of the estate, the work," etc. (describing it); "and the said John Hunt, as executor, . . . and on behalf of said heirs, devisees, and owners, promises to pay to said contractor" (then follow the prices for the various kinds of work). It is stated that the work was done and the materials furnished between March 9, 1899, and July 10, 1899. In the statement of the demand appear the names of the Fairfields, names of certain persons as heirs of George Sharp, John Hunt as executor, "to the San Francisco Paving Company, debtor, $846.41."

The complaint alleges that the defendants, the Fairfields, have been, since June 27, 1899, the owners of the part of the estate premises described in the notice of lien. The allegation as to the contract of John Hunt, as executor, is broader than in the notice: It is alleged on information and belief that "he requested the plaintiff to do the work and furnish the material therefor, . . . both as such executor and pursuant to an express direction and authorization of the heirs and devisees and owners of said lot of land, and on their behalf, as their agent, entered into a written contract with Flinn & Treacy, a copartnership, for the performance of the same." In stating the terms of the contract it is further alleged, that said Hunt, both as executor and on behalf of said heirs, devisees, and owners, entered into a written contract with said Flinn & Treacy, whereby they agreed to perform the work and furnish the materials, "where not already constructed in front of said premises"; and further, "the said John Hunt, as executor, . . . and on behalf of said heirs, devisees, and owners, promised to pay said contractor . . . for the work done in front of said premises, upon the completion thereof." The assignment of the contract by Flinn & Treacy to plaintiff is alleged, and that plaintiff performed the work, completing the same July 10, 1899. It is then alleged that on May 18, 1899, the Fairfields made a written offer to purchase the said premises from the estate of Sharp, deceased, in which it was stated: "I hereby offer to pay for said property, . . . and also the taxes for the present year, and the cost of street-improvements completed in front of said property, subject to confirmation by the superior court," etc.; and it is alleged that at that time the work was in progress; that the said offer was accepted, the sale was confirmed, and the deed made by the executor, June 27, 1899, "and it was recited in said conveyance that it was subject to the lien for the said street-work herein men-

tioned." It is then alleged that on June 27, 1899, when said deed was made, "it was mutually agreed between said John Hunt, as executor as aforesaid, one J. J. Flinn, representing the San Francisco Paving Company, plaintiff herein, one Wm. Sharp, representing the heirs to the estate of George F. Sharp, deceased, the said Marshall Fairfield and Sadie F. Fairfield, and one M. F. Vandall, as attorney for the German Bank, . . . having a mortgage upon the said premises, that there would be due and owing, under the terms of said contract, upon the completion of said work, to the San Francisco Paving Company, on account of the street-work in front of said premises, for which this lien is sought to be foreclosed, the sum of $847.00, and it was agreed amongst all the said parties that the said Marshall Fairfield and Sadie F. Fairfield, in pursuance of their said bid herein referred to, and the conveyance hereinbefore referred to, then about to be made, that the said sum which would become payable to the San Francisco Paving Company under the terms of said contract be transferred to said Marshall Fairfield and Sadie F. Fairfield, and be assumed by the said Marshall Fairfield and Sadie F. Fairfield, to all of which the said Marshall Fairfield and Sadie F. Fairfield then and there agreed, and promised to pay the said $847.00 to the said San Francisco Paving Company, upon completion of the said contract." The complaint then sets forth the facts as to filing the notice of lien, the purport of which has already been stated. Plaintiff demands judgment against defendants, the Fairfields, for the amount of the work, interest from June 27, 1889, cost of verifying, filing notice of lien, attorney's fees, and costs of action, and "that all said sums be adjudged a lien against the premises; that said premises may be sold," etc.

Defendants demurred, on the ground of insufficiency of facts; for uncertainty, in that it does not appear what were the terms or conditions of the alleged contract between plaintiff's assignor and the estate of Sharp, deceased; also, that it does not appear where the contract with Hunt, as executor, was executed; that several causes of action have been improperly united, — namely, an "alleged action for the foreclosure of a lien on real estate is improperly joined with an alleged personal cause of action on the part of plaintiff against said defendants to recover the alleged debt of defendants." The demurrer was sustained, without leave to amend, and judgment followed for defendants, from which plaintiff appeals.

1. In their reply brief, plaintiffs state: "In our opening brief we attempted chiefly to show that our complaint stated a cause of action for personal judgment against the Fairfields, and incidentally to sustain the lien." And it is claimed that if the right to the lien appears from the face of the complaint not to exist, there are facts pleaded sufficient to show that the right to a personal judgment does exist. (Citing *Jones* v. *Iverson*, 131 Cal. 101.) We do not think that plaintiff has shown itself entitled to the lien prayed for.

The contract to which the notice of lien refers, and under which the work was done, and must have been nearly completed before the Fairfields got their deed, was with the executor of the Sharp estate. But it was not within the power of the executor, without an order of the court, to make a contract which would give plaintiff a right to file liens on the estate property. (*Chappius* v. *Blankman*, 128 Cal. 362. See also *Fish* v. *McCarthy*, 96 Cal. 484.[1])

The subsequent consent or agreement of the heirs could not legalize or vitalize the unauthorized act of the executor, who alone could act for the estate, as such. They might, if competent to contract, make a valid agreement, binding on them individually to pay for the work, but they could not by subsequent consent convert a void lien into a valid one. Neither the executor nor the heirs could authorize the lien pending administration of the estate.

Nor can the alleged agreement of the Fairfields to pay for the work authorize the foreclosure of the lien, which was based on a contract with the executor alone. Like the heirs, the Fairfields could agree to pay for the work, but such agreement would not authorize a lien which rests on the notice of demand. It was held in *Malone* v. *Big Flat etc. Co.*, 76 Cal. 578, that the plaintiff can recover only upon the contracts stated in the notices of lien.

If it be true, as plaintiff claims, that it had a valid right to initiate a lien for the work done after the Fairfields became the owners, plaintiff should have given the statutory notice of such lien. The right to such a lien did not "validate the whole lien," as is urged, nor, in itself, create the lien, which is purely statutory, and can be acquired only by observing the statute.

---

[1] 31 Am. St. Rep. 237, and note.

Nor is it true, as claimed, that because the Fairfields assumed the entire debt, the complaint may be treated as the foreclosure of an equitable lien. There was no agreement, express or implied, on the part of the Fairfields, to create a lien. Plaintiff seeks only the foreclosure of a mechanic's lien, and no such lien is shown as to them. *Kreling* v. *Kreling*, 118 Cal. 413, has no application. Neither is there any estoppel of the Fairfields to deny the lien, because they have not been disturbed in their possession.

On no ground can we perceive that the lien can be enforced, and as to that part of the complaint the demurrer was properly sustained.

2. Respondents contend that it is now too late for plaintiff to claim abuse of discretion in sustaining the demurrer without leave to amend, for the reason that the record fails to show that plaintiff asked and was refused permission to amend. (Citing *Buckley* v. *Howe*, 86 Cal. 596; *Smith* v. *Taylor*, 82 Cal. 533; *Burling* v. *Newlands*, 112 Cal. 499; *Prince* v. *Lamb*, 128 Cal. 130.)

We do not think it necessary to decide when the overruling of a demurrer without leave to amend would be regarded as an abuse of discretion. The demurrer to the entire complaint was sustained. This, we think, was error, for the reason that there are, in our opinion, sufficient facts alleged to constitute a cause of action for a personal judgment against the Fairfields, which may be tried without further amendment of the complaint. It is clearly stated that they purchased a part of the property under an offer to pay "the cost of street-improvements completed in front of said property," and it is alleged that when the deed was about to be delivered to them, and in pursuance of their bid, and the conveyance about to be made, all the parties in interest met, and it was agreed that the sum which would become payable to plaintiff "under the terms of the contract be transferred to said Marshall Fairfield and Sadie F. Fairfield, and be assumed by the said Marshall Fairfield and Sadie F. Fairfield, to all of which said Marshall and Sadie Fairfield then and there agreed, and promised to pay the said $847.00 . . . upon the completion of the said contract." For the purposes of the demurrer this agreement will be presumed to have been in writing, if it was such agreement as comes within the statute of frauds.

Respondents demurred on the ground that there is a misjoinder of causes of action,—that is, an action to foreclose a lien against the owner, and an action to recover a personal judgment against the grantee of the owner, who has assumed the debt and agreed to pay it. Under our practice the contractor may be made a party defendant in an action against the owner to foreclose the lien (*Giant Powder Co.* v. *Flume Co.*, 78 Cal. 193; *Wood* v. *Transit Co.*, 107 Cal. 500; *McMenomy* v. *White*, 115 Cal. 339); and the grantee of a mortgagor who has assumed the mortgage debt, in an action to foreclose against the mortgagor, may be made a party, and a deficiency judgment will be entered against the grantee. (*Hopkins* v. *Warner*, 109 Cal. 133.) One of the reasons for allowing this union of legal and equitable remedies in such cases is to avoid a multiplicity of suits. The Fairfields were both proper and necessary parties in the foreclosure suit, and we can see no reason why the personal action may not proceed against them, although the foreclosure must be denied. The point made by respondents does not go to the objection that the causes of action are not separately stated. This objection is to be made by motion, and not by demurrer. (*City Carpet etc. Works* v. *Jones*, 102 Cal. 506.)

The judgment should be reversed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.     McFarland, J., Henshaw, J., Temple, J.