[Civ. No. 1113. First Appellate District.—December 30, 1912.]

FRESNO PLANING MILL COMPANY (a Corporation), Respondent, v. S. E. MANNING and J. MANNING, Appellants.

MECHANICS' LIENS—PENDENCY OF FORECLOSURE—PERSONAL ACTION OF LIEN-HOLDER AGAINST CONTRACTORS—PLEA IN ABATEMENT OF PRIOR ACTION PENDING—STRIKING OUT PREJUDICIAL ERROR.—During the pendency of an action for the foreclosure of mechanics' liens to which a lien claimant and the contractors were both parties, where such lien claimant brought an independent personal action to obtain judgment against the contractors, the contractors properly pleaded the pendency of such foreclosure suit to which they were both parties, in abatement of such independent action, and it was prejudicial error for the court in which such action was brought to strike out such plea in abatement.

ID.—PARTIES TO FORECLOSURE—MATERIALMEN—ELECTION OF ACTION—CONTRACTOR.—Under the provisions of section 1197 of the Code of Civil Procedure, any person to whom a debt is due for materials furnished for the erection of a building may, in addition to an action to foreclose a lien against the building and its owner, maintain a personal action to recover such debt against the person liable therefor: But, under the established and approved practice in this state, the person contracting for such materials may be made a party defendant with the owner of the building in an action to foreclose a mechanic's lien, in which a personal judgment may be rendered against the contractor, even though the lien may be denied. The contractor is a proper defendant, to avoid a multiplicity of suits.

ID.—POLICY OF LAW AGAINST DIFFERENT SUITS UPON SAME SUBJECT MATTER.—It is not the policy of the law to permit different suits to be instituted and pending between the parties concerning the

same matter; and hence the rule that an action abates upon a showing of the institution and pendency of a prior action between the same parties upon the same subject matter. It is not only unnecessary but would be vexatious to permit the prosecution of a second suit founded upon the same subject matter.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

E. A. Williams, for Appellants.

Cartwright & Cashin, for Respondent.

LENNON, P. J.—This is an appeal from a judgment against the defendants and in favor of the plaintiff in an action brought to recover the sum of four hundred and fifty dollars for building materials alleged to have been sold and delivered by plaintiff to the defendants, and used by them as contractors in the construction of a building for one T. J. Hammond in the city of Fresno.

Prior to the commencement of the present action the plaintiff filed its claim of lien against the lot of land upon which the building was erected for the value of the material furnished the defendants, and in due time instituted an action to foreclose said lien, in which the defendants here were joined as defendants with the owner of the building. By their answer the defendants pleaded the pendency of the previous action in abatement of the present action. The plaintiff's motion to strike out this defense was granted, and it is of this that the defendants chiefly complain.

Incidentally counsel for the defendants discuss the question as to whether or not the plaintiff was entitled in this action to a writ of attachment under the provisions of the amendment of 1911 to section 1197 of the Code of Civil Procedure, [Stats. 1911, p. 1319]. The record before us does not show that such a writ was ever issued in this action; and, in the absence of such a showing the question of the plaintiff's right to a writ of attachment is not involved and cannot be considered. In addition to the motion to strike out, the plaintiff interposed a demurrer to the answer of the defendants, which assailed the sufficiency of the facts pleaded as a special defense

in abatement of the present action. The demurrer, however, was not passed upon, for the reason, presumably, that the granting of the motion to strike out in effect disposed of the points raised by the demurrer. No question, therefore, of the technical sufficiency of the plea in abatement as against the demurrer is involved upon this appeal.

Upon the record before us the only question which can be considered is the correctness of the lower court's ruling striking out the defendants' plea in abatement.

The answer of the defendants, in addition to a denial of all of the material allegations of the plaintiff's complaint, averred in effect that prior to the commencement of the present action the defendants entered into a contract with one T. J. Hammond, whereby the defendants agreed for a stipulated sum to erect a building in the city of Fresno for said Hammond; that during the construction of said building the plaintiff in this action furnished goods, wares, and merchandise to be used, and which were actually used in the construction of said building; that thereafter the plaintiff not having been paid for said goods, wares, and merchandise, filed its claim of lien upon the lot of land of said Hammond upon which said building was erected; that thereafter and within the time allowed by law the plaintiff instituted an action in the superior court of Fresno County to foreclose its lien for the value of the same goods, wares and merchandise alleged in the present action to have been sold and delivered to the defendants, and for the value of which the plaintiff in the present action is seeking to recover a personal judgment against the defendants; that the defendants in the present action were joined as defendants in the prior one to foreclose the lien of plaintiff; and that said last-mentioned action had never been dismissed and was pending at the time the present action was commenced.

Under the provisions of section 1197 of the Code of Civil Procedure, as that section was originally enacted and as it stands today, any person to whom a debt is due for materials furnished for the erection of a building may, in addition to an action to foreclose a lien against the building and its owner, maintain a personal action to recover such debt against the person liable therefor; and under the established and approved practice in this state the person contracting for such materials may be made a party defendant with the owner of

the building in an action to foreclose a mechanic's lien.   In such an action a personal judgment may be rendered against the contractor, even though foreclosure of the lien be denied as against the owner of the building.   (*Hooper* v. *Flood,* 54 Cal. 218, 220; *Bates* v. *Santa Barbara,* 90 Cal. 543, [27 Pac. 438]; *McMenomy* v. *White,* 115 Cal. 339, [47 Pac. 109]; *San Francisco Pav. Co.* v. *Fairfield,* 134 Cal. 220, 226, [66 Pac. 255].)

There seems to be some slight confusion of authority as to whether or not the contractor is a necessary party to an action to foreclose a mechanic's lien; but all of the authorities are agreed that if a personal judgment is desired against the contractor it is proper to make him a party defendant; and such practice is commended as tending to avoid a multiplicity of suits.   (*Giant P. Co.* v. *San Diego F. Co.,* 78 Cal. 193, [20 Pac. 419]; *Russ L. & M. Co.* v. *Garrettson,* 87 Cal. 589, [25 Pac. 747]; *Green* v. *Clifford,* 94 Cal. 49, [29 Pac. 331]; *Yancy* v. *Morton,* 94 Cal. 558, [29 Pac. 1111]; *San Francisco Paving Co.* v. *Fairfield,* 134 Cal. 220, [66 Pac. 255].)

It is not the policy of the law to permit different suits to be instituted and pending between the same parties concerning the same subject matter; and hence the rule that an action abates upon a showing of the institution and pendency of a prior action between the same parties upon the same subject matter.

The reason for this rule is founded upon the theory that if the first suit affords an ample remedy to the party claiming to be aggrieved, it would be not only unnecessary but vexatious to permit the prosecution of a second suit founded upon the same cause of action.

An action is commenced when the complaint therein is filed.   (Code Civ. Proc., sec. 350.)   It is thereafter deemed to be pending until it is finally determined upon appeal (Code Civ. Proc., sec. 1049); and a plea in abatement, based upon the ground of another action pending, may be raised either by demurrer or by answer.   (Code Civ. Proc., sec. 430; *Tooms* v. *Randall,* 3 Cal. 438; *Coubrough* v. *Adams,* 70 Cal. 374, [11 Pac. 634].)

While it is not definitely stated in the answer of the defendants that Hammond, the owner of the building, was made a defendant in the prior pending action to foreclose plain-

tiff's claim of lien; or that the defendants here were joined as defendants in that action for the purpose of procuring a personal judgment against them, it is sufficiently clear, as against a motion to strike out, that the answer of the defendants purports to plead that the purpose of the prior action was to foreclose plaintiff's lien against Hammond and against Hammond's property, and at the same time to obtain a personal judgment against the defendants named as defendants in this action for the value of the identical goods, wares, and merchandise sued for therein. The only possible purpose in making the defendants in this action defendants in the prior action would be to secure a personal judgment against them for the satisfaction of the identical debt which is made the basis of the present action. The purpose of the present action is also to secure a personal judgment against the defendants upon practically the same cause of action upon which they were joined as defendants in the previous action. In short, the causes of action and the relief sought in the two suits, insofar as the defendants here are concerned, are alleged to be substantially the same. Consequently the pendency of the prior action was a material defense in the present one, which it was proper to present by way of answer; and it follows that the trial court erred to the prejudice of the defendants in granting the plaintiff's motion to strike out such defense upon the ground of its immateriality.

The judgment appealed from is reversed and the cause remanded.

Hall, J. and Kerrigan, J., concurred.