[Civ. No. 2529. Second Appellate District, Division One.—January 27, 1920.]

## FOX–WOODSUM LUMBER COMPANY (a Corporation), Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Appellant.

[1] Public Work—Time of Completion—Installation of Temporary Fixtures — Replacement — Delay in Filing Claim — Erroneous Judgment.—In this action by a materialman on a contractor's bond, executed pursuant to the provisions of Act No. 2895, the school buildings in question were completed on the date when the board of trustees, vested with full power to do so, formally accepted the same, took possession thereof and occupied them for school purposes, notwithstanding the contractor, due to his inability to procure certain fixtures called for by the specification, installed therein temporary fixtures, posting his certified check as security for his furnishing, when procurable, the fixtures called for by the specifications,

and such temporary fixtures were not replaced by the proper fixtures until a later date; and plaintiff's claims not having been filed within ninety days after such completion, though within ninety days after such temporary fixtures were replaced, judgment in its favor against the surety on the contractor's bond was erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

A. L. Abrahams, P. B. D'Orr and Joe Crider, Jr., for Appellant.

G. C. De Garmo for Respondent.

SHAW, J.—Robert P. McMullen was the contractor for the construction of certain schoolhouses for the Tropico School District and, pursuant to the provisions of Act No. 2895, entitled, "An act to secure the payment of the claims of materialmen, mechanics, . . . employed . . . upon . . . municipal, or other public work" (Deering's Gen. Laws, 1915, p. 1467), caused defendant, as surety, to execute the bond specified therein. Plaintiff and its assignor furnished materials used in the doing of the work by the contractor, for the payment of which this action was brought on the bond. Judgment went for plaintiff, from which defendant has appealed.

The act, as it then read, provided that "any materialman . . . whose claim has not been paid by the contractor . . . shall, within ninety days from the time such contract is completed, file with the . . . body by whom such contract was awarded, a verified statement of such claims, together with a statement that the same had not been paid," and that upon so doing such claimant may at any time within six months sue to recover upon the bond.

[1] The sole contention of appellant is that the claims constituting the subject of the action were not filed within ninety days after the completion of the contract, without which, respondent properly concedes, the judgment should be reversed.

The court found "that on the twenty-ninth day of January, 1915, and within ninety days after the completion of

said buildings, said plaintiff filed with the board of trustees
of the Tropico School District a verified notice in writing,"
so required, wherein the amount of such claims was speci-
fied and which in all respects complied with the provisions
of the statute. In our opinion, this finding is, as claimed
by appellant, not supported by the   evidence. It conclu-
sively appears that, except as to the installation of certain
plumbing fixtures required by the specifications, the build-
ings called for by the contract were fully completed on
September 30, 1914, at which time other fixtures than those
specified were installed, and upon the contractor deposit-
ing with the treasurer of the board his certified check for
$152 as security for his furnishing, when procurable, the
fixtures specified in lieu of those installed, the board filed
in the office of the recorder of Los Angeles County its un-
qualified written acceptance of the work and thereupon took
possession of said buildings, and from thence on used and
occupied the same for school purposes, and thirty days after
acceptance paid to the contractor the balance in full of the
contract price. On December 5, 1914, the contractor re-
placed the temporary fixtures called for by the specifications,
at which time, rather than on September 30th, the trial
court concluded the buildings were completed.

As shown by the record, McMullen's only obligation to in-
stall the specified fixtures was that contained in his contract.
He was unable to procure these, and he thereupon deposited
with the treasurer his certified check for $152, which, together
with the fixtures so installed, were, by agreement, substituted
for those called for by his contract. In the absence of a
covenant on his part so to do—and we agree with respond-
ent there was none—it was optional with him whether he
installed other fixtures or forfeited his check, which was
exacted in lieu of such compliance with his contract. Under
the circumstances, and without further compliance, he
could have enforced payment of the balance due upon his
contract. That this was the construction placed upon the
transaction is made manifest by the fact that the school
board, in recognition of his being entitled thereto, and long
before the specified fixtures were installed, paid to McMul-
len the full contract price. That the parties to the contract
might have agreed upon the substitution of other fixtures in
lieu of those specified admits of no question, and, in effect,

that is precisely what they did, requiring the contractor to forfeit the difference in price, provided he was unable to procure the ones called for by his contract, or, if he could obtain them, declined to exercise his option to install the same. Upon respondent's argument, carried to its logical conclusion, the buildings could not be deemed completed until the installation of the fixtures specified, although years might elapse.

The buildings were completed on September 30, 1914, when the board, vested with full power to do so, formally accepted the same, took possession thereof, and occupied them for school purposes. Otherwise, and if such acts were not conclusive evidence of completion, such action could only be established by a judgment of court. Not only for the reasons given, but under the statutory rules governing the rights of laborers and materialmen in analogous cases involving the right to enforce mechanics' liens, which we think applicable (sec. 1187, Code Civ. Proc.; *Giant Powder Co.* v. *San Diego Flume Co.*, 78 Cal. 196, [20 Pac. 419]), the judgment should be reversed, and it is so ordered.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 25, 1920.

All the Justices concurred.