[Civ. No. 5140.   Second Appellate District, Division One.—June 13, 1928.]

F. E. CREMER, Appellant, v. FRANCIS W. LITTLE-JOHN, etc., Respondent.

E. A. Klein for Appellant.

Rowen Irwin and Rollin Laird for Respondent.

CONREY, P. J.—From the record it appears that the real property against which the claim of lien is asserted formerly belonged to one Peter Wilson. Upon the death of Wilson his surviving wife, Frances M. Wilson (now Littlejohn), was appointed administratrix of the estate. While the estate was in course of administration the plaintiff and one Raymond Chow entered into an agreement for the repair and alteration of a certain building on said premises.

We assume, as intimated by counsel, that Chow was a tenant of the premises. On the completion of the repairs made under the contract between plaintiff and Chow, plaintiff filed his claim of lien, and also presented to the administratrix his claim as a creditor of the estate, which claim was rejected. Thereupon, he instituted this action in which, by his complaint, he alleged the foregoing facts, and alleged that during the times mentioned defendant Wilson, individually and as administratrix of said estate, was the owner of said land and building and had knowledge of such work, and that it inured to the benefit of such estate. It was stipulated that the allegations of the complaint are true; but the argument of counsel for appellant seems to admit, as evidently the fact was, that Mrs. Wilson's interest in the premises was only such interest as she acquired by reason of the fact that the property was community property and that she was the sole heir at law of her late husband, and that the property at the close of administration would be distributed to her as such heir if not required in satisfaction of the claims of creditors of the estate.

The court allowed personal judgment against the contracting party defendant Chow, but refused to recognize the plaintiff's claim of lien. It is from that part of the judgment refusing to enforce said asserted lien that the plaintiff appeals.

We think that the judgment was correct. There is no pleading or proof that the contract was ever submitted to the probate court for approval. In *San Francisco Paving Co. v. Fairfield,* 134 Cal. 220 [66 Pac. 255], the supreme court declared that it is not within the power of an executor without an order of the court to make a contract which would give a right to file liens on estate property. As recently as last year the supreme court (in a decision wherein, however, it must be admitted that the question did not directly arise) referred with apparent approval to *San Francisco Paving Co. v. Fairfield, supra,* and other decisions covering the same point. (*Estate of Mailhebuau,* 201 Cal. 664 [258 Pac. 378].) If the administratrix could not bind the estate by direct contract without approval by the court, of course she could not do so by any implied consent.

The judgment is affirmed.

Houser, J., and York, J., concurred.