[No. 32995.   Department Two.   March 22, 1955.]

HENRY K. LARSON *et al.*, *Respondents,* v. L. O. DUCLOS *et al.*,
*Appellants,* G. S. ROTHWELL, *Respondent.*[1]

[1]Reported in 281 P. (2d) 458.

*Clarence L. Gere*, for appellants.

*Burkheimer & Cavender*, for respondents Larson *et al.*

*Sweet, Wolf & Merrick* and *Martin L. Wolf*, for respondent Rothwell.

WEAVER, J.—This is an appeal from a decree awarding a money judgment and foreclosing certain liens against real property.

We will refer to Henry K. Larson and Karl Kasperson, doing business as Larson Lumber Company (plaintiffs and respondents), as the "materialmen"; and to G. S. Rothwell, doing business as Shatford Construction Company (defendant and respondent), as the "contractor."

L. O. Duclos and wife, Mary, purchased a house on a real-estate contract. The house in question was a single-story dwelling with several small rooms in the attic. November 10, 1951, Mary Duclos died intestate. She was survived by Mr. Duclos and two minor children, Cornelia and Leslie, her sole heirs at law. July 9, 1952, Mr. Duclos was appointed administrator of his wife's estate. July 13, 1952, the upper portion of the house was destroyed by fire.

The trial court found that Mr. Duclos, "individually and as administrator of the Estate of Mary B. Duclos, deceased," requested the contractor to do certain work. As a result, a second story was added to the house. The contract price was $8,204.35. No authority had been granted by the court to Mr. Duclos, as administrator, to enter into the contract on behalf of the estate.

At the request of the contractor and with the approval of Mr. Duclos, the materialmen commenced delivering materials and supplies to the premises. They gave timely statutory notice of this to Mr. Duclos.

September 5, 1952, the attorney for the estate of Mary B. Duclos, deceased, gave notice to the contractor that "no further work should be done on the house," and work was stopped.

Within the period allowed by law, both the materialmen and the contractor filed statutory liens for labor and materials against the property.

After trial of the action to foreclose the liens, the court granted judgment as follows:

(a) The materialmen were given a judgment against Mr. Duclos, individually, for $1,687.81, together with certain costs, interest, and a three hundred fifty dollar attorney's fee.

(b) The materialmen were granted the same judgment against the contractor, except for costs, interest, and an attorney's fee; provided the materialmen were entitled to only one satisfaction of the principal amount.

(c) Judgment was entered for the contractor against Mr. Duclos, individually, in the sum of $3,169.10, together with certain costs, interest, and a five hundred dollar attorney's fee.

(d) The liens filed by the materialmen and the contractor were adjudged valid and subsisting liens upon the real property and "the interests . . . of L. O. Duclos and the minor defendants, Cornelia J. Duclos and Leslie A. Duclos, therein." They were ordered foreclosed.

■ Appellant Duclos assigns error to the court's con-

clusion of law that the materialmen are entitled to a *personal* judgment against him. Appellant Duclos' brief contains no argument in support of this assignment of error, and we are, therefore, not called upon to discuss it. *State v. Hartwig*, 45 Wn. (2d) 76, 81, 273 P. (2d) 482 (1954), and cases cited. (But see *Blossom Provine Lbr. Co. v. Schumacher*, 147 Wash. 369, 371, 266 Pac. 167 (1928).)

■ Mr. Duclos predicates error on the trial court's refusal to require the contractor to produce evidence of the reasonable value of the labor and materials used on the premises. On the other hand, the contractor testified that the agreement was a contract to perform work listed on bids, at the price stated. This presented a question of fact for the trial court's decision. There is evidence to support the finding that it was an agreement to supply labor and materials at an agreed price. Evidence to the contrary does not preponderate against this finding of fact, so we cannot disturb it on appeal. *Freeman v. Stemm Bros., Inc.*, 44 Wn. (2d) 189, 194, 265 P. (2d) 1055 (1954). In determining the amount of the judgment, credit was given for the amount previously paid and for the materials not used, due to the stop-work order. It was not error to grant the contractor a personal judgment against Mr. Duclos in the sum of $3,-169.10.

We next consider those assignments of error directed to that portion of the judgment establishing the liens of the materialmen and the contractor as valid and subsisting liens upon the real property and "the interests . . . of L. O. Duclos and the minor defendants, Cornelia J. Duclos and Leslie A. Duclos, therein," and directing that the liens be foreclosed.

When the trial opened, the attorney for plaintiffs (materialmen) requested the appointment of a guardian *ad litem* for the two minor defendants. The court directed that an order be prepared appointing Mr. Duclos as guardian of his two children. No such order appears in the record before us, nor does it contain an answer by Mr. Duclos as guardian *ad litem*. In addition, it is apparent that the in-

terest of the guardian *ad litem* in the subject matter is inimical to those whose interests he was appointed to protect. We cannot commend so cursory a procedural treatment of the vested rights of minors.

█ Notice of appeal was signed by counsel as "Attorney for Defendants Duclos." This we deem sufficient to present the interest of the minors for our consideration.

If the liens against the interests of the minors in the real property are to be upheld, it can only be done by recognizing the validity of an act of Mr. Duclos *as administrator of his wife's estate*, keeping in mind that he neither applied for nor received authority or approval from the court to bind the estate or the interests of anyone therein.

█ An administrator, merely as a result of his appointment and qualification as such, has no inherent power to enter into a contract, the performance of which would render the assets of his trust subject to liens. Such a power, if it exists, must be found in the statutes.

Our statute (RCW 11.48.020) provides:

"Every . . . administrator shall . . . keep in tenantable *repair* all houses, buildings, and fixtures thereon, which are under his control." (Italics ours.)

█ The evidence in the record before us substantiates our conclusion that Mr. Duclos exceeded his statutory authority. The amount involved in Mr. Duclos' contract to build a second story on the house far exceeded the amount received and paid out by him (as administrator without approval of court) from the fire insurance proceeds.

Although the factual situation is different in *In re Alfstad's Estate*, 27 Wash. 175, 67 Pac. 593 (1902) (a contest between the administratrix and the heirs of the estate raised by objections to her final accounting), the instant case is governed by the *rationale* of that decision. The court said:

"This section [now RCW 11.48.020, quoted *supra*] prescribes the duties and designates the powers of executors and administrators as to real estate which may come into their possession as such officers. In the case at bar the respondent had a right, at the expense of the estate, to keep the hotel and saloon in tenantable repair, if necessary,

during the administration; *but she had no right, as administratrix, without proper authority, to erect an addition thereto*, as she says she did, at an expense greater than the original value of the property, and charge the cost thereof to the estate." (p. 188) (Italics ours.)

In the *Alfstad* case, *supra*, the administratrix had not secured the court's approval for her expenditures.

If the administrator cannot charge against the estate the cost of erecting an addition to the estate property, in the absence of court approval, it follows that no lien attached to the interest of the minor heirs in the instant case. See *Patrick v. Bonthius*, 13 Wn. (2d) 210, 124 P. (2d) 550 (1942); *San Francisco Paving Co. v. Fairfield*, 134 Cal. 220, 224, 66 Pac. 255 (1901); *Cremer v. Littlejohn*, 92 Cal. App. 521, 268 Pac. 486 (1928); *Ness v. Wood*, 42 Minn. 427, 44 N. W. 313 (1890).

That portion of the judgment, impressing the liens of the materialmen and the contractor upon the interest of the minor children in the real property and providing for their foreclosure, is reversed and stricken therefrom.

Whether the interest of the minors would have been impressed with these liens, had the probate court authorized or approved Mr. Duclos' contract, is a question not now before us, and we express no opinion thereon.

Mr. Duclos' personal interest in the real property in his possession, as administrator of his wife's estate, is not beyond the reach of his creditors and is subject to such liens as he may impose upon it by his contracts. *National Bank of Commerce v. Peterson*, 179 Wash. 638, 38 P. (2d) 361 (1934), and cases cited. The trial court properly recognized the liens of the materialmen and the contractor as valid and subsisting liens upon Mr. Duclos' interest, since he personally contracted the obligation. *Ness v. Wood, supra.*

These liens, however, cannot affect the orderly administration of the estate, the rightful claims of creditors thereof, nor the costs of administration, all of which have priority. Although it was not error to order the liens foreclosed, the sale of Mr. Duclos' interest shall be postponed until such time as the estate is ready for distribution.

■ The right of the trial court to fix attorneys' fees on an appeal of a lien foreclosure is not open to question. RCW 60.04.130; *West v. Jarvi,* 44 Wn. (2d) 241, 251, 266 P. (2d) 1040 (1954).

The trial court allowed the materialmen three hundred dollars and the contractor five hundred dollars attorneys' fees in the event of an appeal to this court. These allowances, of course, were made prior to the appeal. Now that it is an accomplished fact, and we have had an opportunity to review the record, we feel that the contractor's attorney's fees should be reduced on appeal to three hundred dollars. It is so ordered.

The judgment, from which this appeal is prosecuted, is modified in the particulars we have indicated in this opinion. In all other respects, it is affirmed.

Mr. Duclos, *as guardian ad litem of his minor children,* will recover on their behalf one half of appellants' total costs on his appeal.

SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.