[No. A045965. First Dist., Div. Two. Sept. 28, 1990.]

Conservatorship of the Estate of ANTHONY GEORGE PACHECO, SR.
HAROLD PARNHAM, as Conservator, etc., Petitioner and Respondent, v.
GEORGE PACHECO, JR., Objector and Appellant.

**COUNSEL**

Richard G. Logan, Varni, Fraser, Hartwell & Rogers, Anthony B. Varni and Peter M. Sproul for Objector and Appellant.

William D. Corbett for Petitioner and Respondent.

**OPINION**

**KLINE, P. J.**—Appellant George Pacheco, Jr., appeals from a judgment of the Alameda County Probate Court ordering him to transfer certain real property and cash to respondent Harold Parnham, conservator for appellant's father, Anthony George Pacheco, Sr. (George.) Appellant contends the probate court (1) improperly refused to abate the probate action despite the existence of another pending action (Prob. Code, § 2525); and (2) erred in ordering him to return cash that had been transferred to him during his mother's lifetime.

### STATEMENT OF THE FACTS

Mae Pacheco became ill during November 1986 and was thereafter diagnosed with terminal cancer. Mae managed the finances for herself and her husband during their marriage and continued to do so until her death on February 3, 1987.

According to appellant, Mae always wanted him to have her money and property. After his mother became ill she told him she and George wished to transfer their cash savings (a total of $148,033.82, which was being held in joint savings accounts) to joint accounts in appellant's and George's names. George was present when Mae discussed these plans with appellant.

George and appellant thereafter proceeded to transfer the funds into joint accounts. According to appellant, Mae gave him the bankbooks and told him which banks to go to. George accompanied appellant to the banks and signed the documents necessary to close the old accounts and open new ones. Appellant kept Mae apprised of these transactions.

Immediately after Mae's death appellant had a friend prepare a deed to transfer Mae and George's home to appellant and George as joint tenants. Appellant testified that he explained to George the effect of the deed and that George willingly signed it.

Appellant's testimony was corroborated by his wife, who testified that George asked her to call her friend, a paralegal, to have a deed prepared. She also stated that approximately two weeks prior to her death Mae told her she wanted the property transferred to appellant.

George testified he did not intend to transfer any interest in his property to appellant; he could not recall signing a deed in favor of appellant. George did not remember any conversations with his wife concerning the transfer of his property to appellant. He further testified that he never wanted to transfer ownership of his bank accounts to appellant and never intended appellant to manage his business affairs.

## STATEMENT OF THE CASE

On April 7, 1987 appellant filed a civil action against his father, George, his sister, Dolores Weiber, and his nephew, John Landin, in which he sought specific performance of the alleged agreement to transfer the cash and property to George and appellant, as joint tenants.[1] On July 1, 1987, Manuel Avila and Harold Parnham, longtime friends of George, were appointed his conservators.[2] On July 28 the conservators sought instructions

---

[1] Specifically, appellant presented claims for specific performance, interference with contractual relationship, declaratory relief and quiet title.

[2] Manuel Avila later died and left Harold Parnham as the sole conservator.

to commence suit against appellant pursuant to Probate Code section 2520 to recover property allegedly belonging to George.

Appellant objected to the conservatorship petition and argued that pursuant to Probate Code section 2525 his civil action should take precedence over any later probate proceeding. On September 22 the probate court rejected this argument, concluding (1) the two actions involved different parties because the conservatorship was not named in appellant's action; and (2) the issues raised in the civil action were different from those involved in the probate action. Appellant filed an unsuccessful motion for reconsideration, and the matter was heard before the probate court on November 7 and 8, 1988.

After the hearing the court issued an order directing appellant to return to his father the disputed money and property. This timely appeal followed.

## DISCUSSION

Probate Code section 2525, subdivision (a), provides as follows: " . . . if a civil action is pending with respect to the subject matter of a petition filed pursuant to this article and jurisdiction has been obtained in the court where the civil action is pending, prior to the filing of the petition, upon request of any party to the civil action, the court shall abate the petition until the conclusion of the civil action." Appellant relies upon this provision—which was enacted in 1979 and has not previously been interpreted by the appellate courts—as support for his claim that the probate action should have been abated while his civil case was tried. The probate court rejected appellant's argument because the actions implicated different parties and raised different issues. In reaching this conclusion the court looked for guidance to the general abatement statute in the Code of Civil Procedure, which requires identity of parties and causes of action.

 Code of Civil Procedure section 430.10, subdivision (c), provides that a defendant may raise as an affirmative defense the fact that "[t]here is another action pending between the same parties on the same cause of action." The theory underlying this defense is that because the first action will normally provide an adequate remedy the second action is unnecessary and vexatious. (*California Union Ins. Co.* v. *Trinity River Land Co.* (1980) 105 Cal.App.3d 104, 109 [163 Cal.Rptr. 802]; *Fresno Planing Mill Co.* v. *Manning* (1912) 20 Cal.App. 766, 769 [130 P. 196] ["if the first suit affords an ample remedy to the party claiming to be aggrieved, it would be not only unnecessary but vexatious to permit the prosecution of a second suit found-

ed upon the same cause of action"].) Quite clearly, the plea in abatement was designed to protect defendants from the burden of defending against unnecessary and duplicative suits brought by the same plaintiff.

Despite the benefits of abating unnecessary actions, the plea is considered dilatory and not judicially favored. (*Perry* v. *Jordan* (1949) 34 Cal.2d 87, 90 [207 P.2d 47].) Because of its disfavored status the statutory language has been strictly interpreted to defeat pleas in abatement. Thus, the plea is successful only if it can be shown: "(1) That both suits are predicated upon the same cause of action; (2) that both suits are pending in the same jurisdiction; and (3) that both suits are contested by the same parties." (*Colvig* v. *RKO General, Inc.* (1965) 232 Cal.App.2d 56, 70 [42 Cal.Rptr. 473].) Some courts have determined the parties are not the same when one action includes plaintiffs or defendants not present in the second action, and have concluded that the fact that the same evidence tends to prove both causes is not enough if the causes of action are different. (*W.R. Grace & Co.* v. *California Employment Comm.* (1944) 24 Cal.2d 720, 727 [151 P.2d 215]; *Knapp* v. *Knapp* (1940) 15 Cal.2d 237, 243 [100 P.2d 759].)

Presumably because the backlog in many metropolitan trial courts has increased markedly in recent years, commentators have begun to question the jaundiced judicial view of pleas in abatement based on the claim of "another action pending." Witkin observes that the negative judicial attitude "seems most inappropriate" in light of the fact that, when properly used, abatement prevents unnecessary duplication of litigation over the same claim, and relieves defendants of the burden of defending against a multiplicity of suits. (5 Witkin Cal. Procedure (3d ed. 1985) Pleading, § 1060, at p. 474.) According to Witkin, "[t]he plea in this respect is, upon reflection, more meritorious than the 'favored' pleas of the statute of limitations or laches." (*Ibid.*) In addition, where different courts are involved, abatement prevents the second court from interfering with the jurisdiction of the first. Under these circumstances, the plea in abatement can be used to expeditiously settle the question of priority of jurisdiction in the lower court. (*Ibid.*)

■ Whatever the merits of the strict interpretation accorded Code of Civil Procedure section 430.10, it has no application in this case. The text of Probate Code section 2525 reflects a legislative intent to dispense with the technical requirements that have been used to constrain application of the general abatement statute. First of all, unlike Code of Civil Procedure section 430.10, Probate Code section 2525 does not require that the other action involve "the same cause of action": it provides instead that a petition in the probate court may be abated "if a civil action is pending with respect

to the subject matter of [the probate court petition.]" Identity of subject matter is a much more general and less technical requirement than identity of cause of action. Because the Probate Code provides for abatement on account of pending *civil* actions—which are procedurally and otherwise different from probate proceedings—it obviously permits abatement despite the use of technically different causes of action to present similar claims.

Similarly, the provision of Probate Code section 2525 that abatement may be sought by "any party to the civil action," means that Probate Code abatement does not require identity of parties. *Any* party to the civil action may seek abatement, even if he or she is not involved in the probate proceeding.[3] Moreover, whenever such a party seeks abatement of a probate proceeding involving the same subject matter as a previously filed civil action, the trial court "*shall* abate the [probate] petition until the conclusion of the civil action." (Prob. Code, § 2525, subd. (a), italics added.)[4]

█ In sum, the explicit language of Probate Code section 2525 and its apparent purpose—the prevention of duplicative actions—convince us that abatement of the probate proceeding was required here because it was sought by a party to a pending civil action concerning the same subject matter as the probate action. The trial court erred in requiring precise identity of parties and causes of action between the two actions.[5]

[3] The different requirements of these two provisions apparently reflect different legislative objectives. Code of Civil Procedure section 430.10 is substantially based on former section 430, first enacted in 1872. Because that statute primarily serves to protect individuals from vexatious duplicative litigation it necessarily requires identity of parties and causes of action. (See 16 Schwing, *California Practice*, § 23.1, at p. 191.) In comparison, Probate Code section 2525 was added in 1979, at a time when our courts were struggling with an increasing backlog of cases; Probate Code section 2525 helps alleviate that problem by preventing duplicative actions even where the second action is not technically identical to the first and is not being used for harassment.

[4] The only circumstance in which abatement is not required under the statute is when, as is not here the case, the probate court "determines that the civil action was filed for the purpose of delay." (Prob. Code, § 2525, subd. (b).)

[5] Respondent presents a completely unsupported and unpersuasive defense of the court's actions. He first argues the court determined George was not competent to make a gift to appellant because "[o]bviously the court believed [George's gift to appellant] was due to the undue influence of [appellant]." Despite the three pages of argument respondent devotes to this claim, there is absolutely no evidence the court made any such finding. Furthermore, such a finding would be irrelevant as it could not justify the denial of appellant's request for abatement if it were otherwise warranted.

Respondent also emphasizes that Probate Code section 2525, subdivision (b), provides " 'the Court need not abate the Petition if the Court determines that the Civil Action was filed for the purpose of delay.' " He then asserts, without any evidentiary foundation, that "[o]bviously this is what the Court believed." Respondent never raised this claim before the probate court and, to our knowledge, the court never considered it. These unsupported arguments add nothing to our consideration of this appeal.

## DISPOSITION

The judgment is reversed. The probate court is hereby ordered to abate the probate proceeding pending resolution of appellant's civil action.[6]

Smith, J., and Benson, J., concurred.

---

[6] In light of this conclusion and our disposition of this matter we need not address appellant's second contention, that the court erred in ordering him to return cash assertedly transferred to him before his mother's death.