[No. 14834.   In Bank. — April 26, 1892.]

## IN THE MATTER OF THE ESTATE OF WILLIAM WALK-ERLY, DECEASED.

NON-APPEALABLE ORDER — ORDER REFUSING TO VACATE ORDER DENY-ING PETITION OF EXECUTOR FOR EXTRA COMPENSATION. — An order denying a motion to vacate an order denying a petition of an executor for allowance of compensation for extraordinary services, and to restore the petition to the calendar, is not an appealable order.

ID. — "SPECIAL ORDER AFTER FINAL JUDGMENT"— CONSTRUCTION OF CODE — NEW-TRIAL ORDER. — Such order is not a " special order made after final judgment " within the meaning of subdivision 2 of section 963 of the Code of Civil Procedure, providing for appeals in such cases; nor is it in the nature of an order made on a motion for new trial.

ID. — APPEALS IN PROBATE PROCEEDINGS. — Appeals in probate proceedings can only be taken from such judgments or orders as are mentioned in subdivision 3 of section 963 of the Code of Civil Procedure, and from the order of the court on a motion for new trial in proceedings in which the court is authorized to entertain a motion for a new trial.

MOTION to dismiss an appeal from the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Noble Hamilton, Joseph A. Joyce,* and *R. M. F. Soto,* for Appellant.

*Frederick E. Whitney,* and *H. C. Firebaugh,* for Respondent.

McFARLAND, J. — In this estate one of the executors, Columbus Bartlett, filed a petition praying to be allowed a certain sum of money for alleged extraordinary services rendered by him as such executor. Objections were made to the allowance prayed for by the other executors, and by various parties interested in the estate; and the matter having been heard, the court, on March 11, 1891, made an order denying said petition. Afterwards, on March 30, 1891, the said Bartlett made and served notice of motion to vacate said order of March 11th, and to restore the cause to the calendar, upon the ground that no findings had been filed or waived, and that the court make findings, and that judgment be entered thereon as required by law. This motion was afterwards heard, and on May 29, 1891, the court made

an order denying it, and from this last order denying the motion to vacate, etc.. said Bartlett has undertaken to appeal to this court. Respondents move to dismiss the appeal upon the ground, among others, that the said order denying the said motion to vacate is not an appealable order.

The order appealed from is clearly not appealable. The *general rule* is well established that appeals can only be taken from such judgments or orders in probate proceedings as are mentioned in subdivision 3 of section 963 of the Code of Civil Procedure; and the order appealed from in the case at bar is not one of those there mentioned. (Const., art. VI., sec. 4; *Estate of Calahan*, 60 Cal. 232; *Estate of Dean*, 62 Cal. 613; *In re Moore*, 86 Cal. 58; *In re Wiard*, 83 Cal. 619.) The only modification of the rule established by the cases just cited is to be found, in *Estate of Bauquier*, 88 Cal. 303. In that case there was a regular contest and trial over the question of issuing letters testamentary to an executrix, and an appeal to this court from an order denying a new trial; and this court merely held that " in all cases in which the superior court, when sitting as a court of probate, is authorized to entertain a motion for a new trial, an appeal will lie from its order thereon." But as in the case at bar the attempted appeal is not from an order made on a motion for a new trial, the Bauquier case does not apply. And that the order here appealed from is not a " special order made after final judgment " within the meaning of the second subdivision of said section 963 is also settled by the authorities first above cited. If it were otherwise, the third subdivision of said section could be entirely disregarded by simply assuming that a probate order not therein mentioned was a final judgment, and that an order refusing to vacate it was a " special order made after final judgment."

The appeal is dismissed.

DE HAVEN, J., SHARPSTEIN, J., HARRISON, J., GAROUTTE, J., and PATERSON, J., concurred.