[S. F. No. 407.   Department Two.—November 12, 1896.]

CAROLINE IVERSEN, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

ESTATES OF DECEASED PERSONS— DECREE OF DISTRIBUTION—EX PARTE ORDER FOR RESTITUTION—CONTEMPT—EXCESS OF JURISDICTION—CERTIORARI.—Where the estate of a deceased person has been administered upon and finally distributed, the court has no jurisdiction subsequently to make an *ex parte* order requiring the property distributed to be restored to the possession of the administrator without complaint on oath or petition or citation made therefor, and disobedience to such order cannot be punished as a contempt, but the order of restoration, and an order requiring a distributee to show cause against punishment for contempt for disobeying the order, will be annulled upon *certiorari*.

ID.—REMEDY BY APPEAL—SPECIAL ORDER AFTER FINAL JUDGMENT.—An order requiring a distributee to restore property received under a final decree of distribution is not appealable as a special order after final judgment, and, when made in excess of jurisdiction, is subject to be annulled upon writ of review.

APPLICATION in the Supreme Court for a writ of review to annul orders of the Superior Court of the City and County of San Francisco.   J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*D. I. Mahoney*, for Petitioner.

*J. C. McKee*, for Respondent.

HENSHAW, J.—This is an application for a writ of review.   No controversy over the facts is presented, but respondent rests his opposition to the granting of the writ upon demurrer alone.   The admitted facts are that administration upon the estate of one Celia O. Soher,

deceased, had duly and regularly proceeded until a decree of distribution therein had been made and entered, distributing certain property of the estate, consisting of diamond rings, gold watches, diamond and pearl breast-pins, and other pieces of jewelry, to the heirs of Celia O. Soher, one of whom is the petitioner herein.

The administrator's final account was settled, and the decree of final distribution entered upon August 26, 1891.

Upon January 27, 1896, the court, sitting in probate in the matter of said estate, made the following order: "It is hereby ordered that Emile Soher, Caroline Iversen, and Miriam Peturel deliver forthwith to Adolph Soher, administrator of the estate of Celia O. Soher, deceased, any and all property of said estate in the possession or under the control of said parties, or either of them, and particularly the following property, viz." (Here follow the items of jewelry before mentioned.)

Petitioner herein came into possession of the property under the decree of distribution, and holds the same for the heirs and the other distributees named in the decree as owners thereof.

The order above quoted was made without complaint on oath or petition or citation made therefor by the administrator or any other person.

Petitioner having failed to comply with this order, thereafter the court issued its further order that the petitioner appear and show cause upon a date therein named why she should not be punished for contempt in disobeying the order of the court and not delivering said property.

The only ground of demurrer calling for a consideration is that the order sought to be reviewed is a special order made after final judgment; that petitioner has a remedy by appeal, and that therefore the writ of review will not lie. But, to show the untenableness of this position, it is necessary only to refer to the cases of *Estate of Calahan*, 60 Cal. 232, *Estate of Walkerly*, 94 Cal. 352, and *Estate of Smith*, 98 Cal. 636.

No attempt is made to uphold the validity and legal-

ity of the proceedings. It is claimed merely that peti-
tioner has not been harassed by them. The orders
under review are clearly in excess of the jurisdiction of
the court.

Let the orders under review be vacated, annulled, and
set aside.

TEMPLE, J., and McFARLAND, J., concurred.