[S. F. No. 893.  In Bank.—September 13, 1897.]

## In the Matter of the Estate of J. G. WITTMEIER, Deceased.

ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION—DISOBEDIENCE OF EXECUTRIX—CONTEMPT PROCEEDINGS—APPEAL—DISMISSAL.—Obedience by an executor or administrator to a decree of distribution may be enforced by contempt proceedings, and no appeal will lie from the order adjudging the contempt; and where an executrix contumaciously disobeyed a decree ordering a sum of money to be distributed and paid to the assignee of a legatee, and was adjudged guilty of contempt therefor, and ordered committed to jail until she complied with the terms of the decree, an appeal taken by her from the order adjudging her in contempt must be dismissed.

ID.—APPEALS IN PROBATE PROCEEDINGS—ORDERS AFTER JUDGMENT—CONSTRUCTION OF CODE.—Appeals in probate proceedings lie only from such orders and decrees as are enumerated in section 963, subdivision 3, of the Code of Civil Procedure; and the provisions of subdivision 2 of that section, relative to appeals from orders made after judgment, are not applicable to probate proceedings.

APPEAL from an order of the Superior Court of the City and County of San Francisco adjudging an executrix guilty of contempt.  J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

M. C. Hassett, for Appellant.

P. L. Benjamin, for Respondent.

HENSHAW, J.—Magdalena Wittmeier, executrix, filed her final account in the matter of the estate of J. G. Wittmeier, and also petitioned for distribution.  Her account was settled and distribution decreed.  G. A. Wittmeier was a legatee under the will, and had assigned his legacy, amounting to one thousand dollars, to John C. Hughes.  By the decree this legacy was ordered distributed and paid to Hughes.

The executrix, failing and refusing to pay over the money, was cited to show cause.  After hearing she was found to be contumacious, adjudged guilty of contempt, and was ordered committed to jail until she complied with the terms of the decree of distribution.  From the order adjudging her in contempt she has taken an appeal.  This is a motion to dismiss that appeal.

It is well established that obedience by executor or administrator to a decree of distribution may be enforced by contempt proceedings. (*Ex parte Smith*, 53 Cal. 204; *Ex parte Cohn*, 55 Cal. 193; *Sayers v. Superior Court*, 84 Cal. 642; *In re Clary*, 112 Cal. 292.)

Appeals in probate proceedings lie only from such orders and decrees as are enumerated in section 963, subdivision 3, of the Code of Civil Procedure. (*Estate of Calahan*, 60 Cal. 232; *Estate of Lutz*, 67 Cal. 457; *Estate of Wiard*, 83 Cal. 619.) The provisions of subdivision 2 of section 963, relative to appeals from orders made after final judgment, are not applicable to probate proceedings. (*Estate of Calahan*, supra; *Estate of Walkerly*, 94 Cal. 352; *Estate of Smith*, 98 Cal. 636; *Iverson v. Superior Court*, 115 Cal. 27.)

Appellant contends, however, that aside from these considerations she has an appeal as of right, and cites the case of *People v. O'Neil*, 47 Cal. 109. In that case it was so held; but *People v. O'Neil*, supra, has been twice overruled (*Tyler v. Connolly*, 65 Cal. 28; *In re Vance*, 88 Cal. 262); and it may be taken as finally settled that appeals will not lie to this court from judgments in contempt such as this. (*Sanchez v. Newman*, 70 Cal. 210; *Ex parte Clancy*, 90 Cal. 553; *Cosby v. Superior Court*, 110 Cal. 45.)

Whether or not an appeal will lie from an order made after final judgment declaring a person in contempt, when the object of the order of contempt is to enforce a compliance with the final judgment, is a question now under consideration by this court.

The motion is granted and the appeal dismissed.

Temple, J., Harrison, J., McFarland, J., and Van Fleet, J., concurred.

BEATTY, C. J., dissenting.—I dissent. The cases cited in the opinion of Justice Henshaw undoubtedly show that this court has more than once decided that an order made after final judgment in a probate proceeding is not appealable, and the present decision is therefore supported by abundant precedent.

I think, however, that the decisions referred to are one and all based upon an erroneous construction of section 963 of the Code

of Civil Procedure, and that it is not too late ·to correct the error; for no vested right would be impaired by holding now that the statute does give an appeal in a case in which. the right has heretofore been denied.

The first subdivision of said section allows an appeal from a final judgment, whether entered in an action or special proceeding commenced in the superior court. A final decree of distribution of a decedent's estate is certainly a final judgment in a special proceeding commenced in a superior court, and comes within the express words of this clause.

By subdivision 2 of said section an appeal is allowed from any special order made after final judgment. Why limit this to an order made after final judgment in an action—excluding judgments in special proceedings?

The only reason suggested is, that since subdivision 3 specifies numerous interlocutory orders in probate cases from which an appeal will lie, and also specifies the decree of distribution with the rest, it was intended to cover the whole subject of appeals in probate cases. There is some slight force in this argument, it is true, and the rule of construction upon which it is based cannot be denied, but it is also true that this rule of construction is not especially persuasive, and in this case ought to give way to the far more important rule, that remedial laws should be largely and beneficially construed to advance the remedy.

There is certainly as much necessity for an appeal from an order made after final decree of distribution for the purpose of carrying it into effect as there would be from any order made to enforce a decree of specific performance, or a judgment for the recovery of land—or any other judgment in a suit in equity or action at law. This being so, I think a liberal construction in favor of the remedy should be given to this statute rather than a narrow and technical one which takes away the remedy.