[S. F. No. 12370. In Bank.—July 25, 1927.]

In the Matter of the Estate of CAMILLE MAILHEBUAU, Deceased. EUGENIE BOUSCAL MAILHEBUAU, Executrix and Appellant; RUSS BUILDING COMPANY (a Corporation), Respondent.

[1] ESTATES OF DECEASED PERSONS—APPEAL—SECTION 963, CODE OF CIVIL PROCEDURE.—Only such appeals in probate as are allowed by subdivision 3 of section 963 of the Code of Civil Procedure can be entertained by the supreme court.

[2] ID.—VOID ORDER—APPEAL.—Where no appeal lies from a certain order made by the probate court, it will not be examined by the supreme court to ascertain or declare its validity or invalidity even if it be conceded to be void.

[3] ID. — PROPERTY OF ESTATE — MECHANIC'S LIEN — PERMISSION TO FILE AND FORECLOSE—EQUITY.—A petition in the probate court for, and an order granting, permission to assert and file a mechanic's lien against certain real property belonging to an estate, and to authorize the institution of proceedings to foreclose such lien, cannot be construed as a suit in equity.

(1) 15 C. J., p. 1022, n. 85.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco, permitting the filing of a mechanic's lien against real property of an estate. Frank H. Dunne, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

J. J. Dunne for Appellant.

Goodfellow, Eells, Moore & Orrick for Respondent.

PRESTON, J.—At the time of submission of this cause on the merits there was also submitted a motion to dismiss the appeal, which is from an order, purporting to be one in probate, giving to the respondent the right to assert and file a mechanic's lien against certain real property belong-

1. See 2 Cal. Jur. 188.
2. See 2 Cal. Jur. 131.

ing to the estate and to authorize the institution of proceedings to foreclose such lien.

The claim of respondent is that appeals from orders in probate are controlled by subdivision 3 of section 963 of the Code of Civil Procedure and that no provision can be found therein authorizing the appeal here attempted. Appellant, on the contrary, makes the claim that although the order given was made by the probate court it was in reality a proceeding in equity and a final judgment therein and inasmuch as said judgment was rendered by a court sitting in probate, it was beyond the jurisdiction of said court, nevertheless reviewable on appeal. The position of respondent seems perfectly sound and disposition of this motion will thereby conclude the whole proceeding.

The facts, briefly stated, are that Camille Mailhebuau died testate in San Francisco on December 3, 1924. His widow, Eugenie Bouscal Mailhebuau, thereafter and on December 29, 1924, duly qualified as executrix of his last will and testament. The estate owns a lot, together with improvements thereon, situated in the city and county of San Francisco, and known as No. 441 Pine Street. Respondent owns a large area in the same block which adjoins the property above referred to. In the year 1926, some time after the death of decedent, respondent filed a petition in the said estate in which it asserted that on or about the twenty-fourth day of March, 1926, it commenced the construction of a thirty-story class A building on its said adjoining lot; that prior to the commencement of said building it duly served on the executrix of said estate the notice required by section 832 of the Civil Code wherein petitioner gave to said executrix reasonable notice of its intention to commence construction of said building and to make excavations on its said property for the purpose of such construction and notified said executrix to underpin and support said building located on the property of said estate; and that thereafter and on the seventeenth day of June, 1926, said executrix, through J. J. Dunne, her attorney, who was also the attorney for said estate, advised petitioner that the estate had no funds with which to pay the charges for underpinning or supporting said building and requested petitioner to underpin said building, agreeing to execute and deliver to petitioner the promissory note of said executrix covering the cost thereof,

with interest at six per cent per annum; that petitioner duly accepted said offer and did thereafter underpin and support the said building belonging to said estate and spent for that purpose the sum of $6,732.30; that neither said executrix nor said estate have paid said sum or any part thereof and that it had no means of securing reimbursement for said outlay other than by filing a mechanic's lien upon said estate and foreclosing same in the manner provided by law. The said estate and the executrix thereof duly filed an answer to said petition and denied all the material allegations thereof, pleading among other defenses lack of jurisdiction of the probate court to grant an order permitting the filing or foreclosure of a mechanic's lien against said property. After a consideration of said petition and the answer thereto, the court duly gave and made its order permitting respondent herein to make and file its mechanic's lien in the manner provided by law by the chapter of the Code of Civil Procedure on that subject and to thereafter, if so advised, institute proceedings to foreclose the same. Thereupon the executrix, in behalf of herself and also in behalf of said estate, duly perfected an appeal from said order and caused to be prepared and authenticated a bill of exceptions thereto. Respondent in due time filed its motion to dismiss said appeal, alleging failure of the legislature to provide for an appeal from such an order.

[1] Only such appeals in probate as are allowed by subdivision 3 of section 963 of the Code of Civil Procedure can be entertained by this court. (*Estate of Cahill*, 142 Cal. 628 [76 Pac. 383]; *Estate of Allen*, 175 Cal. 356 [165 Pac. 1011]; *Estate of Funkenstein*, 170 Cal. 595 [150 Pac. 987]; *Estate of Seng*, 52 Cal. App. 149, 152 [198 Pac. 809].)

[2] If it be conceded that said order is void, nevertheless as long as it is an order in probate from which no appeal is provided, it will not be examined by this court to ascertain or declare its validity or invalidity. (*Harper* v. *Hildreth*, 99 Cal. 265, 269 [33 Pac. 1103]; *Estate of Overton*, 13 Cal. App. 117, 119 [108 Pac. 1021].)

[3] Appellant, however, makes several contentions, all of which seem to us to be beyond the issues involved in this proceeding. For example, the well-known principle that the foreclosure of a lien is an action in equity and not within the jurisdiction of the probate court is asserted. But this

principle has no bearing upon the proceeding before us, as no proceeding in equity took place or was attempted. The utmost that can be claimed in that direction by this order was that the court gave its consent to the future institution of an action in equity. As above intimated, it may well be doubted whether the court under the facts of this case could make a valid order authorizing the filing of a mechanic's lien in the absence of a pre-existing contract made with the estate upon order of court. (*Chappius* v. *Blankman,* 128 Cal. 362 [60 Pac. 925]; *San Francisco Paving Co.* v. *Fairfield,* 134 Cal. 220 [66 Pac. 255]; *Los Angeles County* v. *Winans,* 13 Cal. App. 234, 254 [109 Pac. 640]; *Fresno County* v. *Manning,* 20 Cal. App. 766, 769 [130 Pac. 196].)

But this question is also beside the issue. If respondent should seek to exercise the permission granted to it and ask to foreclose its alleged lien, then in that case appellant could urge all the infirmities, if any there be, in this order made by the court; or appellant herself, in behalf of said estate, may institute an action to remove the cloud from or quiet the title to said property, and in such proceedings may attack the validity of this order or she may invoke other remedies, but none of these methods of relief may be secured by appealing from a nonappealable order.

There is likewise no merit in the suggestion that the petition and order here under consideration themselves constitute an attempted action and final judgment therein in an action in equity conducted by a court of probate. The order relates to the property in probate and, whether valid or not, it is clearly within the general purview of the powers of a probate court and it bears none of the indicia of an action in equity. This appears conclusively, not alone from the very nature of the control of the property by the probate court, but from the principles announced in the very cases relied upon by appellant to show that the purported lien is invalid in the absence of a contract entered into by authority of the probate court, for, if, under a contract authorized by the probate court, a mechanic's lien may be asserted against property of the estate, then it must follow that an order allowing the filing of a lien thereon, whether valid or invalid, is an order in probate as distinguished from an order exercised under the general jurisdiction of the superior court.

In reality the legal effect of the order here under consideration was to give respondent permission to sue in a case where the property was *in custodia legis* and is akin to the permission to sue required in actions against receivers and other trustees of property under the control of the court. And such permission is not referable to any other jurisdiction than that in control of the property. Counsel has indulged in much research to show us the history of the probate jurisdiction and the limits thereof, but in our view the order remains a simple one in probate, made by the probate court, an order to which the legislature has not attached the right of appeal.

Appeal dismissed.

Curtis, J., Langdon, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.