[Civ. No. 12442.   Second Appellate District, Division Two.—January 18, 1940.]

In the Matter of the Estate and Guardianship of BARTO-LOMEO MORRO, an Incompetent Person.   MARTHA MORRO et al., Appellants, v. DOMINIC MORRO, Guardian, etc., et al., Respondents.

624

Dan M. Critchley and J. M. Hodgson for Appellants.

Ralph W. Evans and Alan G. Campbell for Respondents.

WOOD, J.—This is an appeal from an order of the superior court, sitting in probate, made on September 29, 1938, directing the manner of compliance with an order made by the court, sitting in probate, on December 23, 1937, by ordering contestants and appellants "to forthwith execute and acknowledge a grant deed to the three parcels of real property hereinbefore referred to, in which deed the sole grantee shall be 'Bartolomeo Morro, an incompetent', and to forthwith deliver said grant deed to Albert Morro as guardian of the estate of Bartolomeo Morro, an incompetent".

Bartolomeo Morro filed an action in the superior court on September 24, 1937, in which he sought to compel his two daughters, Martha Morro and Madeline Morro Rowe, to return to him the sum of $3,250 which he alleged they had received to his use and benefit. He also filed an action against Martha Morro demanding that she reconvey to him three parcels of real estate which he had previously conveyed to her and which he claimed to be his property. Thereafter Dominic Morro, a son of Bartolomeo Morro, filed a petition in the superior court in which he alleged that Bartolomeo Morro was incompetent and asked that a guardian be appointed. The petition for appointment of a guardian came on for hearing and on October 14, 1937, Martha Morro and Madeline Rowe opposed the appointment, being represented by counsel. The matter was continued and on October 19, 1937, the court made the following order: "Court and counsel conferred in chambers, and on stipulation of attorneys court orders petition sustained and respondent Bartolomeo Morro declared incompetent and found to be the owner of certain real and personal property, and court finds it necessary that guardian of person and estate be appointed. Mrs. Madeline Rowe and Albert Morro appointed guardian of estate of said incompetent. Dominic Morro appointed guard-

ian of person . . . By stipulation of attorneys and order of court guardians Madeline Rowe and Albert Morro are ordered to accept offer now made to transfer of $2,400.00 cash and deeds to three parcels of real property described in Los Angeles County S. C. case 420568, property being clear except taxes and encumbrances, on behalf of the incompetent and upon acceptance, which will settle all claims against Martha Morro and Madeline Rowe in said case, said case shall be dismissed by said parties . . . By stipulation of attorneys and order of court findings and conclusions of law and notice of entry of judgment are waived.'' A formal order in the guardianship proceedings was signed and filed by the judge on December 23, 1937, in which it was set forth that the court found that all of the allegations in the petition were true. The court appointed Dominic Morro guardian of the person of Bartolomeo Morro, and Albert Morro and Madeline Rowe guardians of his estate. The order further set forth: ''The court having declared Bartolomeo Morro an incompetent and having made the above order appointing guardians, and Martha Morro and Madeline Rowe in open court having offered to settle the litigation pending in the Superior Court of this county wherein Bartolomeo Morro is plaintiff in cases No. 420565 and 420568 by conveying by grant deed to the guardians herein appointed of the estate of Bartolomeo Morro to belong to and be part of said estate the three parcels of real property described in the complaint in said case No. 420568 free and clear of all encumbrances except current taxes and assessments and to pay to said guardians to belong to said estate the sum of twenty-four hundred ($2400.00) dollars, and the court having accepted said offer on behalf of Bartolomeo Morro, and the court having inquired into the nature and extent of the estate of Bartolomeo Morro and his reasonable needs, and all parties present further consenting to the payment of counsel fees and costs of the said estate as hereinafter ordered; It is hereby further ordered, adjudged and decreed that Martha Morro and Madeline Rowe are and each of them is ordered and directed to forthwith execute and deliver to the guardians of the estate of Bartolomeo Morro a grant deed to the aforementioned three parcels of real property and to pay to said guardians the sum of twenty-four hundred ($2400.00) dollars.''

Madeline Rowe failed to qualify as one of the guardians. On January 3, 1938, Martha Morro, appearing by new counsel, filed a petition to set aside the order of December 23, 1937, supported by her affidavit in which she declared that on October 19, 1937, she was "ill to such an extent that she did not realize what was said in court in her presence or otherwise". She claimed that she had not in fact consented to the making of the order entered by the court. On January 27, 1938, the court denied the petition of Martha Morro by the following minute order: "The petition of Martha Morro to set aside the order heretofore made in this court on the 23rd day of December, 1937, having been heretofore submitted, is denied for the reason that the decree was a consent decree joined in by the petitioner and all parties to the cases pending in the Superior Court concerning Bartolomeo Morro, and certain conveyances alleged to have been made by him. By stipulation of petitioner and all parties to such cases it was agreed that those matters should all be heard and disposed of in connection with the case."

A petition was filed on April 14, 1938, by the guardians requesting that Martha Morro and Madeline Rowe be ordered to show cause why they should not be compelled to comply with the orders theretofore made and on June 2, 1938, the court made a minute order in part as follows: "Petition granted compelling execution of said grant deed to certain described real property to Bartolomeo Morro, incompetent." On July 18, 1938, counsel for Dominic Morro, guardian of the person and Albert Morro, guardian of the estate of Bartolomeo Morro, served a notice of motion for an order "directing manner of compliance with the order of December 23, 1937, pursuant to the minute order heretofore ordered as of June 2, 1938." Thereafter the court signed and filed the order from which the present appeal is taken.

Appellants rely upon the rule that the superior court sitting in probate is without jurisdiction to determine adverse claims of an incompetent against third parties. Respondents answer that the probate court did not exceed its jurisdiction in view of the fact that the contestants had consented to the delivery of the sum of $2,400 to the guardian and the reconveyances of the real estate. ■ They also contend that the order from which the appeal was taken is not an

appealable order. Our disposition of the last-mentioned contention disposes of the litigation.

The orders from which appeals may be taken are set forth in section 1630 of the Probate Code: "An appeal may be taken to the Supreme Court from an order granting or revoking letters of guardianship; settling an account of a guardian; instructing or directing a guardian; or refusing to make any order heretofore mentioned in this section." It is apparent that the order from which the present appeal is taken is not included in the matters made appealable by the section. By the minute order of October 25, 1937, and the signed order of December 23, 1937, guardians were appointed for the person and estate of the incompetent and instructions to the guardians were therein given. No appeal was taken from either of these orders and they have become final. ■ The jurisdiction of an appellate court in probate matters extends only to such orders and judgments as are made appealable by the Probate Code. (*In re Walkerly,* 94 Cal. 352 [29 Pac. 719].) The provision that an appeal may be taken from a special order made after final judgment has no application to probate proceedings. (*Estate of Allen,* 175 Cal. 356 [165 Pac. 1011].) Even if the court acted in excess of its jurisdiction, a question we find unnecessary to determine, the nonappealable order of the court was not thereby made appealable. (*In re Seymour,* 15 Cal. App. 287 [114 Pac. 1023].) ■ Moreover, the order from which the appeal is taken does not affect the rights of any of the parties. It merely provides the proper method of putting into effect the orders which had been previously made. It will be noted that in the order signed by the court on December 23, 1937, appellants were ordered to execute and deliver "to the guardians of the estate of Bartolomeo Morro a grant deed". In the order from which appeal is taken appellants were ordered to execute a grant deed "in which deed the sole grantee shall be, 'Bartolomeo Morro, an incompetent', and to forthwith deliver said grant deed to Albert Morro as guardian . . .". Evidently the court was of the opinion that since Madeline Rowe had not qualified as guardian, leaving Albert Morro as the sole guardian of the estate of the incompetent, an order directing the manner of compliance with the provisions of the order should be made in which the grantee should be named as Bartolomeo Morro, the deed to be delivered to the only

guardian of his estate who had qualified. By so doing the court merely clarified the previous order by supplying the name to be placed in the deed as grantee and directing its proper delivery.

The appeal is dismissed.

Moore, P. J., and McComb, J., concurred.