[Civ. No. 12222. First Dist., Div. Two. April 1, 1943.]

Guardianship of the Person and Estate of PHYLECTA RITA RESER, an Incompetent Person. LIDA RESER SMITH, Individually and as Guardian of the Person, etc., Appellant, v. D. M. PATERSON, as Guardian of the Estate, etc., Respondent.

Alfred Nelson for Appellant.

Arthur B. Dunne, Elden C. Friel, Dunne & Dunne and Randal F. Dickey for Respondent.

NOURSE, P. J.—Appellant is the guardian of the person of Phylecta Rita Reser, an incompetent. Respondent is guardian of said incompetent's estate. The appeal is prosecuted from an order striking out appellant's proposed bill of exceptions on an attempted appeal from a prior order confirming a sale of real property.

The first point raised by appellant is that the trial court erred in making the order because respondent's notice of motion to strike out the proposed bill of exceptions was not accom-

panied by points and authorities as required by rule XX, section 1. The point is not well taken. The record does not show that no points or authorities were filed. Though it does not show affirmatively that they were filed, the record does not purport to be complete and is not certified as a complete record. But in any event the point is not sound. A failure to comply with the rule relating to points and authorities may justify a denial of the motion (*Butterfield* v. *Butterfield,* 1 Cal.2d 227 [34 P.2d 145]), but we have found no case holding that it is error for the trial court to make an order, otherwise proper, merely because the moving party failed to comply with the rule.

The second point raised by appellant is that the trial court erred in striking out the proposed bill rather than giving leave to amend. The order was proper for a reason not discussed by appellant in her brief. She proposed a bill of exceptions on an attempted appeal from an order confirming a sale of real property. In guardianship proceedings that is not an appealable order. Section 1630 of the Probate Code provides: "An appeal may be taken to the supreme court from an order granting or revoking letters of guardianship; settling an account of a guardian; instructing or directing a guardian; or refusing to make any order heretofore mentioned in this section."

In *Guardianship of Morro,* 36 Cal.App.2d 623, 627 [98 P.2d 552], it was held that this section was exclusive and that an appeal would not lie from an order not mentioned in the section. The same rule has been uniformly followed in the construction of section 1240 of the Probate Code relating to appeals in probate matters. (See 11A Cal.Jur. p. 204.) In the Morro case the court said: (p. 627) "The jurisdiction of an appellate court in probate matters extends only to such orders and judgments as are made appealable by the Probate Code. (*In re Walkerly,* 94 Cal. 352 [29 P. 719].) The provision that an appeal may be taken from a special order made after final judgment has no application to probate proceedings. (*Estate of Allen,* 175 Cal. 356 [165 P. 1011].) Even if the court acted in excess of its jurisdiction, a question we find unnecessary to determine, the nonappealable order of the court was not thereby made appealable. (*In re Seymour,* 15 Cal.App. 287 [114 P. 1023].)"

If the order confirming the sale was not an appealable order the reviewing court would not have jurisdiction to entertain the appeal. Hence the filing of the proposed bill of exceptions in aid of such an appeal was an idle act, and

the trial court was not in error when it ordered the proposed bill stricken out.

The order is affirmed with costs to respondent.

Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 27, 1943. Carter, J., voted for a hearing.