[Civ. No. 13307.   First Dist., Div. One.   Dec. 5, 1946.]

Guardianship of the Person and Estate of ANNIE GALLOWAY LYLE, an Incompetent Person.  ANNIE GALLOWAY LYLE, Appellant, v. THE ANGLO-CALIFORNIA NATIONAL BANK OF SAN FRANCISCO, as Guardian, etc., et al., Respondents.

Joseph A. Brown and Reed M. Clarke for Appellant.

Carl E. Day and Frank J. Fontes for Respondents.

WARD, J.—This is an appeal from the order of the superior court denying the petition of appellant for an allowance of attorney fees and costs from her estate for the prosecution of an appeal designated as Civil No. 13131. (See *ante*, p. 153 [174 P.2d 906].) Appellant assumes that as she may appeal from the orders adjudging her incompetent, an allowance to finance this appeal may be ordered, and hence an order denying such allowance is appealable.

The Constitution provides that the Supreme Court shall have jurisdiction "in all such probate matters as may be provided by law." (Const., art. VI, § 4.) Hence, the right of appeal in probate matters is purely statutory, and exists only in those cases in which it is given by statute. (*Estate of Funkenstein,* 170 Cal. 594 [150 P. 987].)

Probate Code, section 1630, provides: "An appeal may be taken to the Supreme Court from an order granting or revoking letters of guardianship; settling an account of a guardian; instructing or directing a guardian; or refusing to make any order heretofore mentioned in this section." The latter clause is of no assistance in the present matter as no provision exists in the code relative to orders for an allowance out of an alleged incompetent's estate to finance an appeal from the order declaring incompetency.

In *Guardianship of Reser,* 57 Cal.App.2d 935, 936 [135 P.2d 709], the court said: "In *Guardianship of Morro,* 36 Cal.App.2d 623, 627 [98 P.2d 552], it was held that this section [Probate Code, § 1630] was exclusive and that an appeal would not lie from an order not mentioned in the section. The same rule has been uniformly followed in the construction of section 1240 of the Probate Code relating to appeals in probate matters. (See 11A Cal.Jur., p. 204.) In the Morro case the court said: (p. 627) 'The jurisdiction of an appellate court in probate matters extends only to such orders and judgments as are made appealable by the Probate Code. (*In re Walkerly,* 94 Cal. 352 [29 P. 719].) The provision that an appeal may be taken from a special order made after final judgment has no application to probate proceedings. (*Estate of Allen,* 175 Cal. 356 [165 P. 1011].) Even if the court acted in excess of its jurisdiction, a question we find unnecessary to determine, the nonappealable order of the court was not thereby made appealable. (*In re Seymour,* 15 Cal.App. 287 [114 P. 1023].)'"

*In re Walkerly,* 94 Cal. 352 [29 P. 719], held that an order denying a motion to vacate an order denying a petition of an executor for allowance of compensation for extraordinary services, and to restore the petition to the calendar, was not an appealable order as it was not mentioned in Code of Civil Procedure, section 963, subdivision 3 (now Prob. Code, § 1630).

Some reference has been made by appellant to section 1240 of the Probate Code expressly making appealable orders refusing to allow attorney fees. That section appears in the part of the code relating to the ''Administration of Estates of Decedents.'' That section has no application to cases arising under Division IV of the Probate Code relating to ''Guardian and Ward.'' The governing section as to such appeals is section 1630. That section is exclusive.

Where an appeal is made from a nonappealable order, the appeal may be dismissed by the appellate court on its own motion. (*In re Wiard,* 83 Cal. 619 [24 P. 45] ; *Collins* v. *Corse,* 8 Cal.2d 123 [64 P.2d 137].) In view of the conclusion reached it is not necessary to further consider whether the attorneys now appearing on this appeal for attorney fees,—the attorney who represented McAllister, and the attorney who has an authorization to represent the declared incompetent on appeal,—are, in law, authorized to prosecute this appeal. This case is not one from which an attorney appears on behalf of an alleged incompetent on the trial and then prosecutes an appeal (*Matter of Moss,* 120 Cal. 695 [53 P. 357]), but it is an appeal from an order denying attorney fees to attorneys who did not, in fact, represent the incompetent on the trial. The alleged incompetent was not represented by any attorney on the trial.

The main factual question, namely, was Dr. Lyle an incompetent, is not contested. On the present record the appeal is dismissed.

Peters, P. J., and Schottky, J. pro tem., concurred.