[S. F. No. 17553.   In Bank.   Aug. 30, 1948.]

Estate of EDWARD R. BRADY, Deceased. EMMA L. COBBY, Appellant, v. RUSSELL R. ADAMS et al., Respondents.

Joseph A. Brown for Appellant.

George M. Naus and Harold B. Lerner for Respondents.

GIBSON, C. J.—More than 11 years after the intestate distribution of decedent's estate petitioner, a sister, commenced this proceeding to require the surviving administrator of the estate to produce a document alleged to be the last will of the decedent and for probate of that document as his will. The trial court ordered that the petition ''for production of will be denied,'' and this appeal followed.

After Mr. Brady's death a number of papers, some holographic and some typewritten, concerned with the testamentary disposition of his estate, were discovered. All of these were given directly to the attorney who was handling the affairs of the estate or were handed to the administrator, who then turned them over to the attorney. It is not entirely clear what happened to these papers, but in 1937 the attorney, since deceased, gave some of them to decedent's secretary. The alleged will relied on here, however, was not among them. At the close of the testimony the court ordered a search of the deceased attorney's papers, and a continuance was granted for that purpose, but no will was discovered.

Thereafter the following minute order, which is the one appealed from here, was entered: ''Heretofore submitted the court ordered Petn. of Emma L. Cobby for production of will be denied; evidence insufficient as to existence of will.''

Petitioner contends that there was ample proof of the existence and contents of the alleged will to require its admission to probate and that the minute order is void because there were not sufficient findings to support an order denying probate of the will. These arguments are all predicated on the assumption that the court, in making the minute order, refused probate of a lost or destroyed will. The minute order, however, is a denial merely of the petition ''for production of will,'' and it does not pass on any other issue in the case. It does not purport to determine the sufficiency of the evidence to sustain the probate of a lost or destroyed will, and the question whether the alleged will should be admitted to probate is still undetermined. The court merely refused to order the production of a document which it found was not shown to be in existence.

An order refusing to require the production of a testamentary document is not listed as an appealable order in section 1240 of the Probate Code. The present order is, therefore, not appealable (see *Howard* v. *Superior Court,* 25 Cal.2d 784, 787 [154 P.2d 849]; *Estate of O'Dea,* 15 Cal.2d 637, 638

[104 P.2d 368] ; *Guardianship of Leach,* 29 Cal.2d 535, 539 [176 P.2d 369] ; *Estate of Green,* 25 Cal.2d 535, 545 [154 P.2d 692]), and the appeal must be dismissed. (*Collins* v. *Corse,* 8 Cal.2d 123, 124 [64 P.2d 137] ; *Guardianship of Lyle,* 77 Cal.App.2d 159, 161 [174 P.2d 910].)

The appeal is dismissed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.