[Civ. No. 23604.   Second Dist., Div. One.   May 8, 1959.]

Estate of ELIZABETH CROSS, an Incompetent Person. CATARINO SALCIDO, Appellant, v. REVEREND OSCAR B. JENSEN, Respondent.

David C. Marcus for Appellant.

George W. Burch, Jr., for Respondent.

FOURT, J.—This is an appeal from an order denying a motion to vacate an order confirming the sale of certain real property of the estate of the incompetent.

Elizabeth Cross was the owner of Lots 13, 14 and the easterly 30 feet of Lot 15 of a tract of land particularly described and located in Los Angeles County. On or about February 1, 1957, she was adjudged to be incompetent, and on or about said date the Reverend Oscar B. Jensen was appointed the guardian of her person and estate by decree of court.

On about June 3, 1957, the guardian sold to Dave Gersh Lots 13 and 14 of the real property above mentioned. Sometime after June 25, 1957, the guardian ascertained that a portion of a single family residence constructed and being in large part on the easterly 30 feet of Lot 15, did in fact encroach upon and overlap onto Lot 14, which Lot 14, but for said encroachment and overlapping, was an unimproved lot. On March 4, 1958, the guardian filed a petition denominated a "Return of Sale of Real Property and Petition for Confirmation." This petition set forth, among other things, that the property to be sold was the easterly 30 feet of Lot 15 heretofore mentioned; that the incompetent was the owner thereof; that it was to the advantage of the estate to sell it as there was insufficient income to support the incompetent; that the guardian had given the proper legal notices and published the same, and that the guardian had, on February 20, 1958, sold at private sale, the real property in question to Dave Gersh for $1,500, payable $150 cash, and the balance to be represented by a promissory note in the sum of $1,350, payable on or before two days before the close of escrow, bearing interest at 6 per cent per annum; that no real estate broker had been obtained and no real estate commission would be paid; further that the property was being sold *as is,* and there were no warranties in connection therewith and that the property, "while improved is an old structure and has been reappraised for the sum of $1,500.00, for the reason that the lot is below the minimum standards of the City of Los Angeles and on which a dwelling may be maintained, and that furthermore the existing dwelling is partly on Lot 15 and Lot 14, the latter lot being owned by Dave Gersh.

"In the event that any person other than Dave Gersh is the successful bidder, the said sale is with the distinct understanding and agreement that the said dwelling must be removed in order that it may not continue to be located on Lot 14."

The petition and return of sale was presented and heard on April 9, 1958. Gersh and appellant Catarino Salcido appeared in court. The judge announced, "In the Estate of

Elizabeth Cross I have a Return of Sale of real property commonly known as 2608 East Michigan, in the city of Los Angeles. It is fully described in the Return of Sale. Any prospective bidder may examine the Return of Sale for additional information on request.''

Mr. Gersh asked some questions of the court about the time within which the balance could be paid. The judge answered the questions and then also said, in effect, ''The sale is on condition that the purchaser remove the dwelling''— ''that a portion of the improvements on said premises are also—'' on Lot 14, ''—on the adjoining property, and there is a possibility of a lawsuit; and that anyone purchasing these premises must remove that portion of the building which overlaps now on to Lot 14 forthwith, . . . .'' Then the court stated that anyone wanting any ''additional information about the terms and conditions of this sale, or information with respect to the condition of the improvements thereon, . . .'' might obtain the same on request at that time.

A Mr. Aaron then said, ''$1650 cash,'' and the court immediately inquired of him whether he knew of the possibility of a lawsuit with respect to the building being removed immediately, and Aaron replied, in effect, that Catarino Salcido, who was the bidder, understood, and that he, Aaron, was claiming a commission.

Another broker indicated by some questions that he was interested in the property and did make a bid. Aaron then said, ''$2500 with $150 down, and same terms and conditions as appears in the Return of Sale of Real Estate.''

Gersh made inquiries about when the house would be moved off of his property, and the court said, ''I don't know whether they want to commit themselves now or not. You have a right of lawsuit, and they have been advised there is a possibility of a lawsuit here unless they move forthwith.'' The court then stated that he thought the down payment was too small and that he would not approve the last offer. Aaron said, $2,000 with $500 cash,'' and stated that the name of the purchaser was Salcido. The court then formally stated the last bid and terms, and confirmed the sale to Salcido. On April 14, 1958, the court executed an order confirming sale of real property in the usual form, and included therein the following language: ''Subject to the provision that such portion of the dwelling located on the hereinafter described real property, as projects on, over or across Lot 14 of Block C of J. W. Browning subdivision of Lots 4 and 5 of the Mathews and Fickett

Tract, in the City of Los Angeles, as per map recorded in Book 10, Page 50, Miscellaneous Records in the office of the County Recorder of said County, shall be removed by the purchaser herein named from said Lot 14, at his sole cost and expense, . . . ." .

A deed was thereafter made by the guardian containing the same provisions for the removal of such portion of the dwelling building as projects onto Lot 14, in accordance with the return of sale and order confirming sale.

On June 13, 1958, Salcido moved the court for an order to set aside the order confirming sale, and to make a new order confirming the sale without the provisions to the effect that the purchaser should remove the building from Lot 14. The motion was made upon the grounds that the order was not the true order made by the court. The motion was denied and this appeal is from such order of denial.

The briefs submitted to this court by the respective parties seem to express the view that the only question in this matter is whether a probate court, in the exercise of its discretionary powers, can impose terms and conditions of sale in an order confirming sale of real property under the circumstances here presented. We, however, are of the belief that under the circumstances of this particular case the order from which the purported appeal is taken is a nonappealable order.

Section 1630, Probate Code, provides as follows:

"An appeal may be taken to the Supreme Court from an order granting or revoking letters of guardianship; settling an account of a guardian; instructing or directing a guardian; or refusing to make any order heretofore mentioned in this section."

The case before us is a guardianship proceeding and even though both parties have apparently assumed that the order in question was appealable, this court may dismiss the appeal if it is from a nonappealable order. (See *Guardianship of Lyle,* 77 Cal.App.2d 159, 161 [174 P.2d 910].)

It was said in *Guardianship of Kawakita,* 42 Cal.2d 840, 844 [271 P.2d 13], ". . . it is settled that only those orders mentioned in section 1630 are appealable in guardianship proceedings. *Guardianship of Leach,* 29 Cal.2d 535, 539 [176 P.2d 369]; *Estate of Kay,* 30 Cal.2d 215, 217 [181 P.2d 1]."

Section 1630 of the Probate Code does not mention an appeal from an order denying a motion to vacate an order confirming the sale of real property of the estate of the in-

competent. ". . . An order confirming the sale of a ward's property is not appealable (*Guardianship of Reser*, 57 Cal. App.2d 935, 936 [135 P.2d 709] ; Prob. Code, § 1630),'' and it would appear therefore that the order in question in this case is nonappealable. (See *Estate of Kay, supra.*)

On the present record, the appeal is dismissed.

White, P. J., and Lillie, J., concurred.