[Civ. No. 30952.   Second Dist., Div. One.   Nov. 9, 1966.]

Guardianship of JULIE ELLEN DAVIS, a Minor.   JOAN M. DAVIS, Appellant, v. MABEL DAVIS et al., Respondents.

Rosenfield & Rosenfield and Jerome D. Rosenfield for Appellant.

R. Norman Wenzell for Respondents.

McCOY, J. pro tem.*—This is a petition for a writ of supersedeas (1) staying enforcement of an order of the trial court made on June 17, 1966, requiring appellant to pay to the attorney for the guardian attorney fees and costs on appellant's appeal from an earlier order of March 28, 1965, and (2) to restore appellant's visitation rights as they existed prior to the March 28th order, i.e., a stay of the latter order pending the appeal therefrom. We heretofore denied the petition insofar as it related to the restoration of appellant's visitation rights, but granted a temporary stay with respect to the order for payment of the guardian's attorney's fees and costs until the hearing of the petition.

Appeals have been taken to this court from two orders made by the trial court. The parties involved are Joan Davis, the first wife of Lee Davis, and mother of their child, Julie Ellen Davis; Lee Davis, the father of the child; and Mabel Davis, the second wife of Lee Davis and now the guardian of the child of Joan and Lee Davis.

In April 1957 Joan obtained an interlocutory judgment of divorce from Lee which provided that she should have the custody of their child, Julie, then one year old. (Davis v. Davis, superior court No. D516935.) After the final decree in that action was entered, Lee married Mabel in August 1959 and in February 1960 he obtained a modification of the decree and was awarded custody of said child. Lee and Mabel separated in March 1963 and Lee obtained an interlocutory judgment of divorce by default in November 1964. Although no further court order was obtained, Julie continued to live with Mabel after her separation from Lee.

Joan also remarried and on January 29, 1965, obtained an

---

*Assigned by the Chairman of the Judicial Council.

order in her divorce action requiring Lee to show cause why she should not be awarded custody of the child. Before a hearing thereon, Mabel filed her petition in the probate court (superior court No. P492037) to be appointed as Julie's guardian, alleging that both her natural parents had abandoned her and that neither of them was a fit or proper person to have custody. Joan's order to show cause in the divorce action and Mabel's petition for appointment as guardian were consolidated for hearing and heard on March 11, 1965. On that date the court found that Joan's conduct ''in effect, has constituted abandonment of said minor child for a period of approximately eight years . . .'' and that Lee ''at this time is unfit to have the custody of the minor child.'' Accordingly, by order of March 16, 1965, Joan's application for an order in the divorce case granting her custody was denied; Mabel was appointed guardian of the person of the minor; Lee was ordered to pay Mabel $100 per month for child support; and both parents were given the right of reasonable visitation. A single order was made disposing of the consolidated proceedings and copies were filed in each of the two files. No appeal was taken from this order.

On June 10, 1965, pursuant to Joan's petition to establish her visitation rights, the March 16 order was modified in several respects including, *inter alia,* a provision for physical custody by Joan on every third weekend; she was also given the right to take the child on a vacation trip from July 2 to July 16, 1965.

It should be noted here that the divorce case and the guardianship proceeding were never consolidated. All the proceedings after the order of June 10, 1965, were had in the guardianship proceeding only.

In October 1965 Mabel obtained an order requiring both Lee and Joan to show cause why the order of June 10, 1965, should not be modified with regard to the visitation rights. A month later Joan obtained an order to show cause in the same proceeding directed to both Lee and Mabel by which she sought to terminate the guardianship and have custody awarded to her. Both of these matters were eventually heard on March 28, 1966, on which date the court vacated its order of June 10, 1965, granted Mabel's application for modification, and ordered that thereafter the visitation rights of both Lee and Joan ''shall be at the discretion of the Guardian.'' At the same time the court denied the relief sought by Joan. Joan filed her notice of appeal from this order on May 20,

1966. The record on this appeal has not yet been filed.

On May 23, 1966, Joan obtained an order requiring Mabel to show cause why her visitation rights should not be restored pending her appeal from the orders of March 28. In this application she requested the court "pending the appeal, to rescind the aforementioned order of March 28, 1966, and to restore the order previously in effect, viz., that declarant be permitted to have said minor child with her every third weekend. . . . and also to permit declarant, during the same period, as she was permitted to do in the summer of 1965, to take said minor child with her on a two-week vacation from Friday July 1, 1966 to and including Sunday, July 17, 1966." Mabel countered this by obtaining an order requiring Lee and Joan to show cause why they should not be required to pay Mabel as guardian reasonable attorney's fees and costs to enable her to resist and defend Joan's appeal from the order of March 28, 1966, and why Joan should not be restrained from prosecuting that appeal until such fees and costs were paid. On June 17, 1966, the court denied Joan's application for modification of her visitation rights. On Mabel's order to show cause, the court found "that the payment of attorney's fees and costs is reasonable and necessary for the protection and best interests of the minor child," and ordered Joan to pay directly to Mabel's attorney $750 attorney's fees, and costs in an amount not to exceed $250, payable within 30 days. Joan's notice of appeal from this order was filed August 9, 1966. The record on this appeal has not yet been filed.

On August 18, 1966, Mabel obtained an order requiring Joan to show cause on September 1 why she should not be restrained from prosecuting her appeal from the March 28 orders until she has been paid said attorney's fees and costs, and from prosecuting her appeal from the order of June 17 until the hearing and determination of the order to show cause. This order to show cause is still pending in the trial court.

Upon the filing of Joan's petition herein, this court, on August 29, 1966, ordered that a writ of supersedeas issue commanding the respondent court to take no further action to enforce its order of June 17, 1966, directing payment of attorney's fees and costs, until further order of this court. Respondent court was also ordered to take no further action with respect to the order to show cause returnable September 1, 1966, requiring petitioner to show cause why she should not be restrained and enjoined from prosecuting her appeal until

attorney's fees and costs are paid. It was further ordered that the court vacate and set aside its order of June 17, 1966, or show cause before this court on October 25, 1966, why it had not done so.

The order of June 17, 1966, requiring Joan to pay the guardian's attorney's fees and costs on Joan's appeal from the order of March 28, 1966, was made in the guardianship proceeding. Presumably the order of June 17 was made pursuant to section 137.3, Civil Code, which provides in part for the payment of attorney's fees and costs ''During the pendency of any action . . . for the custody, support, maintenance or education of children . . .'' Whether that section applies to a contested proceeding in the probate court relating to the guardianship of a minor child is not now before us.

The more immediate question is whether the order of June 17, 1966, in the guardianship proceeding is an appealable order. ▮ Supersedeas will not be granted where the judgment or order appealed from is nonappealable. (3 Witkin, Cal. Procedure (1954) Appeal, § 63, p. 2216.) ▮ In guardianship matters, ''An appeal may be taken to the Supreme Court from an order granting or revoking letters of guardianship; settling an account of a guardian; instructing or directing a guardian; or refusing to make any order heretofore mentioned in this section.'' (Prob. Code, § 1630.) The right to appeal in guardianship matters is governed exclusively by this section. (*Guardianship of Leach,* 29 Cal.2d 535 [176 P.2d 369].) Accordingly, ''an appeal may be taken from such an order only if in legal effect it is tantamount to one or more of the orders listed.'' (*Guardianship of Kawakita,* 42 Cal.2d 840, 844 [271 P.2d 13]; see also, 24 Cal.Jur.2d, Guardian and Ward, § 210, p. 394.) ▮ As stated in *Guardianship of Morro,* 36 Cal.App.2d 623, 627 [98 P.2d 552]: ''Even if the court acted in excess of its jurisdiction, a question we find unnecessary to determine, the nonappealable order of the court was not thereby made appealable.'' In *Guardianship of Lyle,* 77 Cal.App.2d 159 [174 P.2d 910], it was held that an order denying an allowance of attorney fees and costs to an incompetent for the prosecution of an appeal from an order appointing a guardian was not appealable. In *Guardianship of Leach, supra,* the court made an order awarding attorney fees to a special guardian of the person and estate of a minor. It was held that this was not one of the orders listed in section 1630 of the Probate Code and was nonappealable; that an allowance for attorney's fees must be included in a guardi-

an's account, to be reviewed upon appeal from an order of settlement.

Usually the question of the appealability of an order is presented to this court by a motion to dismiss the appeal, and that motion and the application for supersedeas may be considered and determined at the same time. (See *Peninsula Properties Co.* v. *County of Santa Cruz,* 106 Cal.App.2d 669 [235 P.2d 635] ; *Brown* v. *Trophy-Craft Co.,* 85 Cal.App.2d 246 [192 P.2d 779].) Here, since the record on appeal from the order of June 17 has not yet been filed with this court, the respondent has not yet had an opportunity to seek the dismissal of the appeal. At this point we must assume that Joan is acting in good faith in appealing from that order.

As indicated by the cases discussed above, there is a substantial question whether the order of June 17 is appealable. In our opinion, we should not decide that question on this application for a writ of supersedeas. It is still good law, however, that a writ of supersedeas may issue staying the enforcement of the order appealed from at least until it is determined whether that order is appealable. (*Hale & Norcross Silver Mining Co.* v. *Fox,* 122 Cal. 56 [54 P. 270].) We think this is the proper course to follow here.

The writ heretofore issued by this court is discharged. Let a writ of supersedeas issue requiring the Superior Court for Los Angeles County to take no further action to enforce its order of June 17, 1966, until further order of this court.

Wood, P. J., and Lillie, J., concurred.